## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TRAVIS RYAN YOUNG, | § | Case No. 17-30163-hcm |
| | § | |
| Debtor. | § | |
| | § | |
| _____ | § | |
| | § | |
| PAMELA YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 17-03009-hcm |
| | § | |
| TRAVIS RYAN YOUNG, Individually | § | |
| and d/b/a PREMIER BUILDERS, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEBTOR TRAVIS RYAN YOUNG

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW Plaintiff, PAMELA YOUNG (hereinafter "Plaintiff"), by and through her attorneys, James & Haugland, P.C., and files this, her Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young, and in support thereof would respectfully show the Court the following:

## I. FACTS

1.    On February 3, 2017, Travis Ryan Young (hereinafter "Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code [Bankr. Doc. # 1].

2.	After consulting with counsel for the Debtor and the Debtor in order to schedule a 2004 Examination, counsel for Pamela Young sent a Notice of Intent to Conduct Rule 2004 Examination Duces Tecum of Debtor, Travis Ryan Young to the Debtor and his counsel on March 6, 2017, scheduling a document production on March 27, 2017 and a deposition examination of the Debtor for March 28, 2017.

3.	Travis Ryan Young retained Michael Nevarez to represent him with regard to the Rule 2004 Examination. Mr. Nevarez contacted the undersigned and requested a postponement of the 2004 Examination until the week of April 3-7, 2017.

4.	On April 3, 2017, the Debtor appeared with counsel and produced some of the documents responsive to the Notice of Intent to Conduct Rule 2004 Examination Duces Tecum of Debtor, Travis Ryan Young; but, the Debtor also failed to produce documents in many of the categories requested and adamantly refused to produce any documents related to his wife, Brittany Young or to her allegedly separate business entities.

5.	In his April 4, 2017 2004 Examination, the Debtor testified that he has been engaged in the home building business since approximately 2008.[1] See Exhibit P-1 at 7:6-12. The Debtor also testified that Brittany Young is his wife. See Exhibit P-1 at 18:5-6. Debtor further testified that he entered into a written marital agreement with Brittany

---

[1] A true and correct copy of the transcript of the April 4, 2017 Oral Deposition of Travis Young ( a Rule 2004 Examination) is attached hereto as Exhibit P-1 and incorporated herein by reference.

Young approximately two years ago in which they agreed that their bank accounts and income would be separate property. See Exhibit P-1 at 24:11-25:17. Debtor stated that he did not produce any bank account statements for Brittany Young at the 2004 Examination because they are her separate property. See Exhibit P-1 at 23:25-24:10; 49:8-12.

6.  On May 5, 2017, Plaintiff filed a Motion to Compel and for Sanctions Pursuant to Rule 2004 [Bankr. Doc. # 12] seeking to compel the Debtor to produce documents which he had failed to produce at the Rule 2004 Examination.

7.  On May 5, 2017, Plaintiff, a creditor of the Debtor, filed two adversary proceedings against the Debtor; one objecting to the discharge of Debtor's debts to Plaintiff under 11 U.S.C. § 523 [Adv. 17-03009, Doc. # 1], and the second objecting to the discharge of the Debtor [Adv. 17-03010, Doc. # 1].

8.  On June 15, 2017, this Court entered an Agreed Order Resolving Motion to Compel and for Sanctions Pursuant to Rule 2004 [Bankr. Doc. # 32] in which the Court granted the Plaintiff's Motion to Compel and for Sanctions in part and denied it in part.[2] Specifically, the Court ordered that Debtor produce certain requested documents and information within fourteen (14) days pursuant to the 2004 Examination. The Agreed Order further provided that Plaintiff could seek the

---

[2]For the Court's convenience, a true and correct copy of the Agreed Order Resolving Motion to Compel and for Sanctions Pursuant to Rule 2004 is attached hereto as Exhibit P-2 and incorporated herein by reference.

documents and information in its remaining requests from the Debtor or any third party in Adversary No. 17-3009-hcm or Adversary No. 17-3010-hcm. Exhibit P-1, ¶¶ 2, 3, 4.

9. On July 18, 2017, the Plaintiff in this Adversary Proceeding served the Debtor with Plaintiff's First Requests for Production and First Set of Interrogatories to Defendant[3] (hereinafter the "Requests").

10. On or about September 25, 2017, the Debtor served his Responses to Plaintiff's First Requests for Production on the Plaintiff[4] (hereinafter the "Responses"). In his Responses, the Debtor objected to each of Plaintiff's requests for production and failed and refused to produce numerous documents. See Exhibit P-4.

11. On December 1, 2017 the Plaintiff filed her first Motion to Compel, for Order Of Civil Contempt, and for Sanctions Against Debtor Travis Ryan Young. [Adv. Doc. # 102].

12. On December 12, 2017 this Court entered an Order Regarding Motion to Compel, Civil Contempt and Sanctions (Travis Young) (hereinafter the "Order") in which the Court granted Plaintiff's first Motion to Compel and ordered Debtor to produce for inspection and copying documents responsive to Document Request Nos. 1, 2, 3, 4,

---

[3]A true and correct copy of the Plaintiff's First Requests for Production and First Set of Interrogatories to Defendant is attached hereto as Exhibit P-3 and incorporated herein by reference.

[4]A true and correct copy of the Defendant's Responses to Plaintiff's First Requests for Production is attached hereto as Exhibit P-4 and incorporated herein by reference.

5, 6, 35, 36, 37, 38, 39, 40, 41, 42, 43, 55, 56, 57(1) and 57(2) no later than December

27, 2017.[5] [Adv. Doc. # 106]. The Court further ordered, *inter alia*, that:

> If by December 27, 2017, Mr. Travis Young fails to produce the
> documents required by this Order, or if by December 29, 2017,
> Mr. Travis Young fails to provide the sworn Response to the
> Document Request required by this Order, then Mr. Travis
> Young will be in civil contempt of Court. In such event,
> Plaintiff will also be entitled to seek additional and further relief
> and sanctions from the Court against Mr. Travis Young,
> including without limitation, denial of Mr. Travis Young's
> bankruptcy discharge under 11 U.S.C. § 727(a)(6)(A).

[Adv. Doc. # 106].

13.     On or about December 27, 2017, Carlos Miranda delivered the documents produced

by Debtor pursuant to the Order to the undersigned counsel. Debtor failed to produce

all of the documents requested. An inventory of the documents produced and those

not produced by Travis Ryan Young on December 27, 2017 is attached hereto as

Exhibit P-6 and is incorporated herein by reference.

14.     Thereafter, Debtor served his Sworn Responses to Plaintiff's First and Second

Requests for Production on counsel for Plaintiff.[6] Despite testifying at his 2004 Exam

that he and his wife Brittany Young had executed a written marital agreement two

years ago in which they agreed that their bank accounts and income would be separate

---

[5]For the Court's convenience, a true and correct copy of the December 12, 2017 Order
Regarding Motion to Compel, Civil Contempt, and Sanctions (Travis Young) is attached hereto as
Exhibit P-5 and is incorporated herein by reference.

[6]A true and correct copy of Travis Young's Sworn Responses to Plaintiff's First and Second
Requests for Production is attached hereto as Exhibit P-7 and incorporated herein by reference.

and despite refusing to produce any documents regarding Brittany Young's bank accounts and income, Debtor's sworn responses show that no such written marital agreement exists. See Exhibit P-7, Response to Request for Production No. 4.

15. As a result of Debtor's failure and refusal to produce the requested documents, Plaintiff is forced to file this Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young.

## II. ARGUMENT & AUTHORITIES

16. Pursuant to the Order:

> If by December 27, 2017, Mr. Travis Young fails to produce the documents required by this Order, or if by December 29, 2017, Mr. Travis Young fails to provide the sworn Response to the Document Request required by this Order, then Mr. Travis Young will be in civil contempt of Court. In such event, Plaintiff will also be entitled to seek additional and further relief and sanctions from the Court against Mr. Travis Young, including without limitation, denial of Mr. Travis Young's bankruptcy discharge under 11 U.S.C. § 727(a)(6)(A).

Exhibit P-5. As set forth above, Debtor failed to produce numerous documents required by the Order. Debtor did not produce signed copies of his 2015 or 2016 federal tax returns. Debtor once again failed to produce the alleged marital property agreement with Brittany Young. Debtor stated that he had no bank statements during the time he was building Plaintiff's house, even though two of Plaintiff's checks were processed through Debtor's business bank account at Bank of America during this time.

17. Pursuant to the Court's Order, Debtor is in contempt of this Court. As allowed by the Order, Plaintiff now seeks additional sanctions against Debtor for his willful failure to produce the documents requested.

18. A court may impose sanctions under its inherent power on a person for conduct in bad faith, for willful disobedience of a court order, or for fraud on the Court. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Projects Mgmt. Co. v. DynCorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013); *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1245-46 & n.9 (11th Cir. 2009).

19. The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976); *Sec. Nat'l Bank of Sioux City v. Jones Day,* 800 F.3d 936, 942 (8th Cir. 2015). When considering sanctions, a court should ensure that any discovery sanction comports with due process. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 705 (1982). The sanctions imposed must have a direct relationship to the offensive conduct. *See Martin v. Brown,* 63 F.3d 1252, 1263-64 (3d Cir. 1995); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec,* 854 F.2d 1538, 1546 (9th Cir. 1988).

20. "A movant seeking sanctions for contempt must establish by 'clear and convincing

evidence' that 1) there was a court order in effect, 2) the order required specific conduct by the respondent, and 3) the respondent failed to comply with the court order." *Brown*, 511 B.R. at 848; *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir.2004); *see also In re Lothian Oil, Inc.*, 531 Fed.Appx. 428, 445 (5th Cir.2013).

21.   Sanctions for contempt are appropriate in this case because: (1) there was a court order in effect in the Order; (2) the Order required the Debtor to produce certain documents as set forth above; and (3) the Debtor failed to comply with the Order.

22.   "[T]he Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Denton v. Suter*, 2016 WL 6581288, at *3 (N.D. Tex. Mar. 10, 2016) (*citing Mary Kay Inc. v. Designs by Deanna, Inc.*, 2013 WL 6246484, at *4 (N.D. Tex. 2013). "For example, the "Court may impose a conditional fine, provided the amount is reasonably designed to force compliance without being punitive, and/or a fixed term of imprisonment, with the condition that the contemnor be released if he or she complies with the court order. The Court also may require that the contemnors pay reasonable attorney's fees incurred by the moving party in obtaining the contempt finding." *Id. (citing Mary Kay*, 2013 WL 6246484, at *4); *In re Collier*, 582 Fed. Appx. 419, 422 (5th Cir. 2014), *as revised* (Sept. 24, 2014)("Imprisonment is an appropriate remedy for either civil or criminal contempt, depending on how it is

assessed. If the prison term is conditional and coercive, the character of the contempt is civil; if it is backward-looking and unconditional it is criminal."). Additionally, as set forth in the Order, where a debtor has disregarded his discovery obligations and violated the court's orders, a court may revoke or refuse to grant the debtor a discharge. 11 U.S.C. §727(a)(6)(the court shall grant the debtor a discharge unless the debtor has refused to obey any lawful order of the court); *see also In re Thilman*, 548 B.R. 1, 9 (Bankr. E.D.N.Y. 2016)(striking debtor defendant's answer in discharge proceeding and revoking discharge previously granted).

23. Pamela Young requests that this Court enter an order denying Debtor his discharge as a sanction for his refusal to comply with the Order. Although the requested sanction is severe, it is necessary in light of the Debtor's conduct in this case. The Debtor's non-compliance with the Order is willful and ongoing. Debtor has repeatedly been ordered to produce the requested documents and has intentionally failed to do so. This is the Debtor's bankruptcy proceeding and he has "an affirmative duty . . . to provide books and records 'accurately documenting his financial affairs.'" *In re Hughes*, 354 B.R. 801, 809 (Bankr. N.D. Tex. 2006), *aff'd sub nom. Hughes v. Neary*, 386 B.R. 624 (N.D. Tex. 2008), *aff'd sub nom. In re Hughes*, 309 Fed. Appx. 841 (5th Cir. 2009). Despite this duty, the Debtor and his family have engaged in a conspiracy to hide documents related to Debtor's financial affairs. Indeed, the Debtor used the alleged marital property agreement to shield his wife's income and assets

from discovery knowing full well that no such marital property agreement existed. The Debtor is willfully abusing the discovery process, the bankruptcy process, and is making a mockery of this Court. Based on the Debtor's conduct, no other remedy is adequate and therefore the denial of Debtor's discharge is an appropriate sanction. *See, e.g., Thilman*, 548 B.R. at 12.

24. In the alternative, Pamela Young requests that this Court enter an order directing Debtor to produce the documents requested within fourteen days of the date of the order and notifying him that failure to do so will result in the entry of an order denying his discharge under 11 U.S.C. §727(a)(6).

25. Pamela Young further requests that Debtor be sanctioned in the amount of $2,500.00 for attorney's fees incurred by Pamela Young in preparing and filing this motion and attending a hearing on same.

### III. REQUEST FOR REFERRAL TO UNITED STATES ATTORNEY

26. Pursuant to Section 3057 of Title 18 of the United States Code, Plaintiff asks the Court to report Debtor's false testimony under oath regarding the existence of the marital property agreement to the appropriate United States Attorney. Section 3057 provides in part,

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts

and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.

18 U.S.C. § 3057.

27.     Chapter 9 of the United States Code set forth crimes and criminal procedure related to bankruptcy. 18 U.S.C. § 151, *et seq.* Section 152 entitled "Concealment of assets; false oaths and claims; bribery" provides, in part:

> A person who – (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11; shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 152. Section 157 entitled "Bankruptcy fraud" provides that:

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so – (3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C.A. § 157(3).

28.     There exist reasonable grounds for believing that Debtor has violated Section 152 and 157 of Title 18. In his 2004 Exam, taken under oath, the Debtor testified that he entered into a written marital agreement with Brittany Young approximately two years ago in which they agreed that their bank accounts and income would be separate property. See Exhibit P-1 at 24:11-25:17. Debtor refused to produce any bank

account statements for Brittany Young at the 2004 Examination based on his allegation that they were her separate property. See Exhibit P-1 at 23:25-24:10; 49:8-12. Based upon Debtor's testimony, the Plaintiff initiated third-party discovery against Brittany Young in order to obtain her records. Plaintiff has incurred significant expense in attempting to obtain records from Brittany Young including the filing of two motions to compel and for sanctions. After almost nine (9) months of discovery, Debtor now swears under oath, that he has no written marital property agreement in his possession.[7]

29.     The Debtor has knowingly and fraudulently made a false statement under penalty of perjury in or in relation to a case under Title 11 in violation of 18 U.S.C. § 152. The Debtor has also made a false or fraudulent representation for the purpose of executing a scheme or artifice to defraud his creditors in violation of 11 U.S.C. § 152. Under 18 U.S.C. § 3057 this Court is required to report Debtor's actions to the appropriate United States Attorney and the Plaintiff requests that this Court do so.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Pamela Young requests that this Court enter an order:

a.      denying Debtor his discharge under 11 U.S.C. §727(a)(6);

b.      in the alternative, directing Travis Ryan Young to produce the requested

---

[7]Brittany Young also states under oath that she has no written marital property agreement in her possession.

documents set forth in Exhibit P-6 within 14 days of the order and notifying him that failure to do so will result in the entry of an order denying his discharge under 11 U.S.C. §727(a)(6);

c.    directing Travis Ryan Young to pay the sum of $2,500.00 to Plaintiff for reasonable attorney's fees and expenses incurred in bringing this Motion and attending the hearing on same;

d.    referring Debtor's activities to the appropriate United States Attorney; and

e.    awarding Plaintiff such other relief as is just and equitable under the circumstances.

A copy of the proposed Order Granting Plaintiff's Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young is attached hereto as Exhibit P-8.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone:  915-532-3911
FAX: (915) 541-6440


By:    _____
       Corey W. Haugland
       State Bar No. 09234200
       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the _21st_ day of January, 2018 a true and correct copy of the foregoing Plaintiff's Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young was served on the following parties *via* electronic means as listed on the Court's ECF Noticing System:

Mr. Carlos A. Miranda, III
Miranda & Maldonado, P.C
5915 Silver Springs, Building 7
El Paso, Texas 79902

Corey W. Haugland

Page 1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

In re:                          )
                                )
TRAVIS RYAN YOUNG,              ) Case No. 17-30163-hcm
                                )
        Debtor.                 )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF

TRAVIS RYAN YOUNG

APRIL 4, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

        The ORAL DEPOSITION of TRAVIS RYAN YOUNG,

produced as a witness at the instance of Pamela Young,

and duly sworn, was taken in the above-styled and

numbered cause on Tuesday, April 4, 2017, from 10:26

a.m. to 1:06 p.m., before Mary Procell, CSR in and for

the State of Texas, reported by machine shorthand, at

the offices of Associated Court Reporters, 221 North

Kansas, Suite 550, El Paso, Texas, pursuant to the

Federal Rules of Civil Procedure.


CERTIFIED: _____ PREPARED FOR: _____



EXHIBIT

P-1

## Page 2

APPEARANCES

FOR THE DEBTOR:
Mr. Michael R. Nevarez
The Law Offices of Michael R. Nevarez
P.O. Box 12247
El Paso, Texas 79913

FOR PAMELA YOUNG:
Mr. Corey W. Haugland
James & Haugland, P.C.
609 Montana Avenue
El Paso, Texas 79902

Also Present:
Pamela Young

INDEX

WITNESS:                                        Page
TRAVIS RYAN YOUNG
EXAMINATION BY MR. HAUGLAND          4

EXHIBITS
1   Notice of Intent to Conduct Rule 2004      5
    Examination Duces Tecum of Debtor,
    Travis Ryan Young
2   Premier Builders Inventory List            42
3   Voluntary Petition for Individuals         55
    Filing for Bankruptcy of Travis Ryan
    Young, 51 pages
4   Statement of Financial Affairs for         55
    Individuals Filing for Bankruptcy for
    Travis Ryan Young
5   Amended Statement of Financial Affairs     56
    for Individuals Filing for Bankruptcy
    for Travis Ryan Young
6   Copy of check to FirstLight from           64
    Travis R. Young, dated 12/21/15
7   Copy of check to FirstLight from           64
    Travis R. Young, dated 1/15/16
8   Copy of check to Accurate Collision        64
    from Travis R. Young, dated 2/4/16

## Page 3

CERTIFICATION                              66
CHANGES AND SIGNATURE PAGE                 67

## Page 4

TRAVIS RYAN YOUNG,
having been first duly sworn, testified as follows:
EXAMINATION
BY MR. HAUGLAND:

Q.  Please state your complete name for the record.

A.  Travis Ryan Young.

Q.  And where do you reside?

A.  El Paso, Texas.

Q.  What address?

A.  6647 Mariposa, El Paso, Texas 79912.

Q.  And how long have you lived at that address?

A.  About five years now.

Q.  What is your date of birth?

A.  11/18/82.

Q.  What is your Texas driver's license number?

A.  I don't know it offhand. 17632530.

Q.  Did I ask your date of birth?

A.  Yes.

Q.  Where were you born?

A.  El Paso, Texas.

Q.  And where were you raised?

A.  El Paso, Texas.

Q.  Where did you go to high school?

A.  Cathedral High School.

## Page 5

Q.  What year did you graduate?

A.  2001.

Q.  Have you ever provided a deposition before?

A.  No.

Q.  You are doing well. You're answering my questions audibly, which helps the court reporter make a record. If you don't understand any of my questions, ask me to rephrase, and I'll be glad to do so. If you need to take a break for any reason, ask to take a break and you can do so.

We met yesterday in order for you to produce documents pursuant to a Notice of Intent to Conduct Rule 2004 Examination Duces Tecum, correct?

A.  Yes.

(Exhibit marked, 1.)

Q.  (BY MR. HAUGLAND) I'm going to hand both you and your attorney a copy of that notice, which we should mark as Exhibit 1.

I want to confirm those things that were produced by you yesterday, and I'll show it to you as we talk about them. The first file you produced was Bank of America check statements, correct?

A.  Right.

Q.  Is that for 2014 through 2016?

A.  Yes.

## Page 6

1    Q.   Was this a personal account or is this a
2 business account?
3    A.   Those are personal accounts.
4    Q.   During this time frame did you maintain a
5 separate checking account for the business?
6    A.   In 2014 I had a separate account, the 8381,
7 which was a business one, but still under the sole
8 proprietorship.
9    Q.   Do you have a college degree?
10    A.   Yes.
11    Q.   What degree do you have?
12    A.   It's in civil engineering.
13    Q.   Where did you obtain it?
14    A.   New Mexico State University.
15    Q.   When did you graduate?
16    A.   2006.
17    Q.   After graduating who did you go to work for?
18    A.   I worked for Dantex Construction.
19    Q.   In what capacity?
20    A.   I started as a manager there.
21    Q.   Who was your immediate supervisor?
22    A.   I think his name was Tom -- I don't remember
23 his last name.  Tom -- I would have to think about that.
24    Q.   How long did you work for Dantex?
25    A.   About two years.

## Page 7

1    Q.   And where did you go to work after that?
2    A.   That's when I started the home building after
3 that.
4    Q.   Did you build homes for Dantex?
5    A.   No.  Dantex was commercial.
6    Q.   So you started home building in 2008; is that
7 right?
8    A.   It was late 2008, early 2009, I believe.
9    Q.   Did you do that in your individual name or did
10 you use a d/b/a?
11    A.   It was Travis Ryan Young d/b/a Premier
12 Builders.
13    Q.   Did you file an assumed name certificate with
14 the county clerk?
15    A.   Uh-huh.  Yes, I did.
16    Q.   For whom did you build your first home?
17    A.   It was -- well, it was a spec house, but then
18 the people that bought it were the Chaffees.  Their last
19 name was Chaffee.
20    Q.   What did the house sell for?
21    A.   Around $300,000, I believe.
22    Q.   Where did you get the financing to build a
23 spec house?
24    A.   It was from my dad.
25    Q.   What's your father's name?

## Page 8

1    A.   Keith Young.
2    Q.   Did you make a profit from that house?
3    A.   I did.
4    Q.   Approximately how much?
5    A.   I would say like 40-, 45,000.
6    Q.   When did you complete construction of that
7 house?
8    A.   It was probably 2010.  No -- yes, 2010.
9    Q.   Did you start any new construction before you
10 finished that house, or did you wait until you finished
11 that house before starting something else?
12    A.   Yes, I waited till that one was finished and
13 sold.
14    Q.   With regard to the construction of the house,
15 what is it exactly that you do in building the houses
16 that you build?
17    A.   I mean, I would do everything back then, do
18 the budget for it, run the -- get the subcontractors,
19 supervise, manage it.
20    Q.   Where did you get your plans for building the
21 house?
22    A.   From a drafter.  And we designed it.
23    Q.   Did you design the houses, or did someone else
24 design the houses?
25    A.   I mean, they would be kind of my idea, but

## Page 9

1 they would -- of course, they are drafters, so they
2 would draw them on the AutoCAD.
3    Q.   Who did you use to draw the plans for the
4 first house?
5    A.   Who did that one?  He was somebody that I
6 worked with at Dantex.  I would have to look up his
7 name.  I don't remember his name.
8    Q.   What kind of subs did you have to hire to
9 build the house?
10    A.   Each sub was specialized in their area:
11 Separate roof subcontractor, plumbing contractor,
12 et cetera.
13    Q.   I guess what I'm trying to find out is, do you
14 build any part of the house yourself, with your own
15 hands?
16    A.   I would do some work back then on my own,
17 finish work, tile work, but after that house I didn't.
18    Q.   So how many subs would you have on the
19 construction of this house?  You said roofing, plumbing.
20    A.   Probably would be about 12 to 15.
21    Q.   After completing this house in 2010, did you
22 start the construction of another house?
23    A.   Yes, I did.
24    Q.   For whom?
25    A.   It was another spec house.

## Page 10

1  Q. Did you sell this house?
2  A. Uh-huh.
3  Q. To whom?
4  A. That one was to -- it was a realtor. Her name
5  was Linda.
6  Q. Can you remember her last name?
7  A. McDaniel.
8  Q. What was this house sold for?
9  A. I think 320-, I want to say.
10 Q. Did you make a profit on the sale?
11 A. That one -- as far as you mean profit after
12 tax, doing all the -- deducting costs?
13 Q. After all the costs.
14 A. That one, probably like 20,000.
15 Q. Just out of curiosity, what kind of profit
16 margin were you looking for out of the construction of
17 these homes?
18 A. I mean, that was during the bad economy time,
19 so I wasn't looking for a huge profit, but more than
20 that. But that house sat for about -- I don't know --
21 eight months while it was for sale.
22 Q. When did you complete the construction of the
23 property?
24 A. That one, I want to say 2011.
25 Q. Who provided the financing to build the house?

## Page 11

1  A. My father did.
2  Q. When did you start building the next house
3  that you built?
4  A. Everything -- every one was subsequent. So
5  after 2011 would be the following.
6  Q. Would you have built it before you sold the
7  house to Linda McDaniel, or would you have built it
8  after you completed the construction?
9  A. It was after.
10 Q. After it was sold?
11 A. Uh-huh, after it was sold.
12 Q. So did you start that house in 2012 or 2011?
13 A. It's hard to say. I'm not sure. Could have
14 been late 2011, early 2012.
15 Q. Whose home was this? Or was this another spec
16 house?
17 A. Yes. I was just building specs all then --
18 all at that time. I don't remember whose that one was.
19 Q. You don't recall who you sold it to?
20 A. Huh-uh.
21 Q. When did you finish construction?
22     MR. NEVAREZ: When you answer, say yes or
23 no.
24     THE WITNESS: Oh, sorry.
25     MR. NEVAREZ: Don't do huh-uh. That

## Page 12

1  doesn't show up.
2  A. Okay. Repeat, please.
3  Q. (BY MR. HAUGLAND) You can't remember who you
4  sold the house to?
5  A. No, I don't remember those folks.
6  Q. When was the next house that you built?
7  A. It was probably 2012 as well.
8  Q. Was this another spec house?
9  A. That one was a presale.
10 Q. To whom?
11 A. I remember their last name was Hollands.
12 Q. Can you remember where the house was located?
13 A. It was on Brays Landing.
14 Q. And how much did that house sell for?
15 A. It was about 320- as well.
16 Q. I didn't ask about the third house. Who
17 provided the financing to build the third house?
18 A. My father did.
19 Q. Who provided the financing to build this
20 fourth house for the Hollands?
21 A. My father.
22 Q. When did you get the Hollands' home finished?
23 A. 2012.
24 Q. Whose house did you build next?
25 A. I built a spec house after that again. Which

## Page 13

1  one was it? I think that was Franklin Trail.
2  Q. Was the house sold?
3  A. Uh-huh.
4  Q. To who?
5  A. It was sold to a doctor. I think his last
6  name was Kidd.
7  Q. Can you remember the sales price?
8  A. That one was 415-.
9  Q. Did you make a profit on it?
10 A. I made probably -- after all the costs and
11 everything, it was probably like 35,000.
12 Q. Who provided the financing for building that
13 house?
14 A. My father.
15 Q. When was that house completed?
16 A. 2013.
17 Q. What was the next house that you built?
18 A. I built one for -- the next one was Calle
19 Alta.
20 Q. How do you spell that?
21 A. C-A-L-L-E, and another separate word, A-L-T-A.
22 Q. And for whom did you build this home?
23 A. That was for the Rioses.
24 Q. What did it sell for?
25 A. That was their own land, and they financed

## Page 14

1  that one. So there really wasn't a sales price. Well,
2  I think I charged them like 380,000, because they
3  already had the land.
4      Q. Did you make a profit on it?
5      A. Probably about 35,000 or so.
6      Q. And who financed -- they financed this one?
7      A. Uh-huh.
8      Q. When was this house completed?
9      A. 2013.
10     Q. Were you getting faster at building homes, or
11  were you starting to build them simultaneously?
12     A. I mean, my dad was limited to what he was
13  giving out, so that's why -- I was building Franklin
14  Trail and then Calle Alta at the same time, because
15  they -- I mean the owners were financing it. That's
16  usually how presales go. The owners are supposed to
17  finance them.
18     Q. What was the next house you built after the
19  Calle Alta?
20     A. That was hers (indicating).
21     Q. Pam Young's?
22     A. Your client's, yes.
23     Q. And who financed the construction of that
24  house?
25     A. My father did.

## Page 15

1      Q. And what was the sales price of that house?
2      A. 536-.
3      Q. Did you make a profit on that house?
4      A. Not really.
5      Q. Was this the first home you constructed that
6  you didn't make a profit?
7      A. That probably was, yes. That's when it
8  started.
9      Q. Who designed the plans for the house?
10     A. That house was -- his name was Rafcad.
11     Q. How do you spell that?
12     A. R-A-F-C-A-D.
13     Q. Does that person live in El Paso?
14     A. Yes, he does.
15     Q. Is he an architect?
16     A. He is a drafter.
17     Q. Is he independent or does he work for someone?
18     A. No. He is independent.
19     Q. What was the next house that you built?
20     A. At that time I was doing Silver Star and
21  Montoya Oak at the same time.
22     Q. Have those been completed?
23     A. Uh-huh. Yes, they have.
24     Q. First of all, when was Pam Young's house
25  completed?

## Page 16

1      A. It was in 2014.
2      Q. When was Silver Star completed?
3      A. It was completed in 2- -- at the end of 2015,
4  and it was sold in 2016. Silver Star was a spec house.
5      Q. What did Silver Star sell for?
6      A. 675-.
7      Q. Did you make a profit?
8      A. No.
9      Q. Montoya Oak, when did you complete it?
10     A. That was completed in 2015.
11     Q. When was it sold?
12     A. It was 2015 as well. The owners had owned the
13  lot, and my father had financed for them, so it was kind
14  of a presale/spec built -- well, it was an awkward
15  situation.
16     Q. Who were the buyers?
17     A. The people who owned that lot were -- it was
18  Rebecca Wisbrun. She is also known by six names. I'm
19  not sure all of them. She is R.W. Schwartz.
20     Q. Rebecca Reza?
21     A. Yes. She is known by Rebecca Reza, Rebecca
22  Wisbrun, R.W. Schwartz. I don't know her other ones.
23     Q. Do you know why she has so many names?
24     A. I don't think they are the most ethical of
25  people.

## Page 17

1      Q. What did that house sell for?
2      A. That one, the contract was for 408,000. That
3  was with the pool.
4      Q. Did you realize a profit on this property?
5      A. No, I didn't.
6      Q. Did you make a profit on -- you didn't make a
7  profit on Silver Star either?
8      A. Huh-uh.
9      Q. Who financed Silver Star?
10     A. Well, that was a mix of my father and those
11  Jet loans. And I had those properties so long that the
12  Jet loans got very expensive.
13     Q. And who financed Montoya Oak?
14     A. My father did that one.
15     Q. After Montoya Oak, what was the next property
16  you built?
17     A. Well, Silver Star was really after Montoya
18  Oak, and Silver Star was my last one.
19     Q. So you haven't been employed since the end of
20  2015?
21     A. Well, I sold it the beginning of 2016, that
22  Silver Star house. And, yes, that's -- that was the end
23  of the d/b/a.
24     Q. Did you go to work for somebody else at that
25  point in time?

## Page 18

1    A. No. Well --
2    Q. 2016.
3    A. I didn't know what I was going to do for a few
4 months, and that's when my wife opened her company.
5    Q. What's your wife's name?
6    A. Brittany Young.
7    Q. What's her maiden name?
8    A. Jackson.
9    Q. And when did you get married?
10   A. It was in 2014.
11   Q. Do you know the date?
12   A. August.
13   Q. August what?
14   A. The end of August, I believe. August 23 or
15 24.
16   Q. Of 2014?
17   A. Uh-huh.
18   Q. Is your wife from El Paso?
19   A. She is from Las Cruces.
20   Q. Does she have a degree?
21   A. Yes, she does.
22   Q. What is her educational background?
23   A. It's in -- she got her first degree in
24 communications, and then she got a secondary degree in
25 education.

## Page 19

1    Q. At New Mexico State?
2    A. Yes.
3    Q. Is that where you met her?
4    A. I met her down here, actually.
5    Q. Do you have any children?
6    A. We just had one child.
7    Q. How old is the baby?
8    A. She is seven months now.
9    Q. Is your wife employed?
10   A. No.
11   Q. Has she ever been employed while you have been
12 married to her?
13   A. Through EPISD.
14   Q. When did she work for the school district?
15   A. She worked 2015 and part of 2016.
16   Q. Has she not worked since she had the baby?
17   A. Yes.
18   Q. You sound better today.
19   A. A little bit.
20   Q. Are you still getting over --
21   A. I had my cold and then I got better, and then
22 I got it again.
23   Q. You sound a little better today than you did
24 yesterday.
25       Now let's talk about the document

## Page 20

1 production, because we are kind of at that point. The
2 first category of documents that we requested were those
3 "documents relating to savings bank books, records,
4 accounts and memoranda, current as well as those that
5 may have been canceled, whether in your name or your
6 spouse's name, individually or jointly, or in connection
7 with any other person or persons." We asked for these
8 records for January 1, 2013 through January 31, 2017.
9       And the first file of documents that you
10 provided were from December 25, 2013 through January 26,
11 2015, your Bank of America account in your name of
12 Travis R. Young; is that correct?
13   A. Yes.
14   Q. The address for the bank statements is 4532
15 Rhea, R-H-E-A, Lane, El Paso, Texas 79924-1746. For
16 what period of time did you live at that address?
17   A. That account was like about nine years old,
18 and so it was just always my parents' address. I never
19 changed it.
20   Q. So that's your parents' address?
21   A. Uh-huh. Yes.
22   Q. And did you ever use the bank account as a
23 business account for your d/b/a Premier Builders?
24   A. It was.
25   Q. For what period of time?

## Page 21

1    A. The time before I opened the other -- 8381.
2    Q. That's likewise a Bank of America account,
3 correct?
4    A. Yes.
5    Q. And it appears that this account, the
6 documents produced are for March 1, 2014 --
7    A. Yes. That's when it was opened.
8    Q. -- through December 31, 2014. Does that sound
9 about right?
10   A. No. It should be up to the 2017. Oh, yes.
11 That was one of the --
12   Q. Let me hand you the file.
13   A. Okay. This one is 2014. The other ones are
14 2015 and 2016.
15   Q. Okay.
16   A. So this was just 2014.
17   Q. This is just 2014?
18   A. Uh-huh.
19   Q. Is this just 2015 in this file?
20   A. Uh-huh. Yes.
21   Q. And then --
22   A. Yes, 2016.
23   Q. This Bank of America statement that you have
24 listed as Travis R. Young, Sole Prop -- or sole
25 proprietor, d/b/a Premier Builders, was this just a

## Page 22

1   business account?
2       A.  No.  I mean, since I was sole proprietor, I
3   used it for both purposes.
4       Q.  And this one came to 6647 Mariposa Drive?
5       A.  Right.
6       Q.  And that's your -- is that your homestead?
7       A.  Yes.
8       Q.  And you have lived there since when?
9       A.  Early 2011.
10      Q.  The account appears to have been closed in
11  June of 2016; is that right?
12      A.  Which account?  The 8381?
13      Q.  The 8381 account at Bank of America.
14      A.  No.  It's still open, I mean to this day.
15  It's just not being utilized.
16      Q.  Do you not have any bank statements after June
17  of 2016?
18      A.  I did.  I figured they were to 2017 in there.
19      Q.  That's when they end, is in June of 2016.
20      A.  I had these printed at Office Depot, and maybe
21  they didn't get the rest.
22      Q.  If you would check on that, I would appreciate
23  it.
24      A.  I will.
25      Q.  So you have not closed the account?

## Page 23

1       A.  No.
2       Q.  Have you turned those bank statements over to
3   the Chapter 7 trustee, Mr. Ingalls?
4       A.  Yes, up till the date I filed, and the
5   previous six months from then.  And I'm pretty sure
6   Cheryl put them in with the filing.
7       Q.  Since opening the sole proprietorship account
8   in 2014, have you maintained any other bank accounts?
9       A.  I still kept the personal one, but I didn't
10  use it all that much.
11      Q.  Is that the first one we saw --
12      A.  Yes.
13      Q.  -- the --
14          And is it still open also?
15      A.  No.  Those ones are closed.
16      Q.  The personal account is closed?
17      A.  Yes.
18      Q.  When did you close them?
19      A.  They closed them because there was no
20  activity.  So it was probably -- I think the last
21  statement is close to when it was closed, the last month
22  in there.
23      Q.  The one that you produced?
24      A.  Uh-huh.
25      Q.  Has your wife maintained a separate bank

## Page 24

1   account during the time that you have been married?
2       A.  Yes, she has.
3       Q.  Have you produced the statements for that
4   account?
5       A.  For the bankruptcy.
6       Q.  For the 2004 examination.
7       A.  Oh, no.
8       Q.  Why not?
9       A.  Because those are her separate accounts that
10  she has had.
11      Q.  Have you and your wife ever entered into a
12  premarital agreement to keep your assets separate during
13  your marriage?
14      A.  We have had a marital agreement that her
15  accounts would be the same and --
16      Q.  Is there a written agreement?
17      A.  Yes.
18      Q.  There's a written premarital agreement?
19      A.  Not premarital, just a marital agreement.
20      Q.  And it's in writing?
21      A.  Uh-huh.  Yes.
22      Q.  Who prepared it?
23      A.  Her and I did.
24      Q.  When was it prepared?
25      A.  I would say about two years ago.

## Page 25

1       Q.  What are the key terms of that written marital
2   agreement with Brittany?
3       A.  Just that her bank statement -- her bank
4   accounts stay hers, her income that she would make would
5   stay hers, and mine would stay mine.
6       Q.  Do you have a mortgage on your homestead?
7       A.  There is a mortgage.
8       Q.  Who is it with?
9       A.  It's with Kathleen Hernandez.  That's a
10  wraparound deed, so the main mortgage holder is still a
11  bank called Colonial Savings.
12      Q.  Who makes the mortgage payments every month?
13      A.  I pay directly to Colonial Savings.
14      Q.  The written marital agreement with your wife,
15  does it have any other terms besides keeping the bank
16  accounts separate and having the income stay separate?
17      A.  I mean those are the main terms of it.
18      Q.  Have you attempted, at the end of any year, to
19  divide your property with your wife, as to who and what
20  belongs to whom?
21      A.  No, never.
22      Q.  Have you ever had a bank account in the name
23  of Bay Homes?
24      A.  No.  Bay Homes was never a sole
25  proprietorship.

## Page 26

1  Q.  What was Bay Homes?

2  A.  Bay Homes is a d/b/a of my wife's LLC.

3  Q.  What LLCs does your wife own?

4  A.  Premier Builders & Design, LLC and RUF

5  Developers, LLC.

6  Q.  And Bay Homes is a d/b/a for which?

7  A.  Premier Builders & Design, LLC.

8  Q.  Since 2016 have you worked for your wife's

9  LLCs in building homes?

10  A.  Yes.

11  Q.  When did you go to work for Premier Builders &

12  Design, LLC?

13  A.  It was about April -- no -- March of 2016.

14  Q.  How many homes has Premier Builders & Design,

15  LLC built since you went to work for it in March 2016?

16  A.  From ground up, they are still just doing one.

17  Q.  And when did you go to work for RUF Builders,

18  LLC?

19  A.  RUF is just -- they just own a lot.  It hasn't

20  been organized, really.  I mean, it hasn't been -- it

21  hasn't had any assets, really, beside just owning a lot.

22  Q.  The Premier Builders house that's being built,

23  is that a presale or is that a spec house?

24  A.  It's a spec.

25  Q.  Where is it located?

## Page 27

1  A.  It's on 354 Rocky Point.

2  Q.  Who is providing the financing for it?

3  A.  My father is.

4  Q.  What's your projected sales price for this

5  house?

6  A.  It's hard to say.  It's a difficult area.

7  Right now it's listed at 898-, but it could go for 800-.

8  Q.  Do you know what costs you have in that

9  property?

10  A.  No, I don't.

11  Q.  What has been your job title and

12  responsibilities for Premier Builders & Design, LLC with

13  regard to the construction of the Rocky Point house?

14  A.  Just managing the build aspects of it.

15  Q.  What has your wife done for Premier Builders &

16  Design, LLC with regard to the construction of 354 Rocky

17  Point?

18  A.  She retains the contracts for the

19  subcontractors.  She does the accounting.  She does -- I

20  mean, she does the business side of it, makes the phone

21  calls to the City, makes phone calls.

22  Q.  What's your salary with Premier Builders &

23  Design?

24  A.  We haven't come to an agreement yet, since it

25  hasn't had any income from the build.

## Page 28

1  Q.  Do you have a salary with RUF Builders, LLC?

2  A.  No.

3  Q.  Do you have an agreement concerning a salary

4  that you will get in RUF Builders, LLC?

5  A.  No.

6  Q.  Does your wife get a salary in Premier

7  Builders & Design, LLC?

8  A.  No, she doesn't.

9  Q.  With regard to your d/b/a Premier Builders,

10  did you have a salary with Premier Builders?

11  A.  No, I never did.  Since most of the houses

12  were spec homes, I had to wait until they were sold.

13  Q.  Did your wife have a salary with the d/b/a

14  Premier Builders?

15  A.  No, she didn't.

16  Q.  Did your wife ever perform services for

17  Premier Builders?

18  A.  No.

19  Q.  When your father was financing the properties

20  for Premier Builders, what terms was he giving you for

21  the financing?

22  A.  I mean before I ran into all the problems with

23  her (indicating) -- I mean, he was helping me get

24  started with the business, so he would take just like

25  10,000.  But he didn't even take an interest in --

## Page 29

1  interest on hers.

2  Q.  So he wouldn't provide conventional financing

3  where he charged interest on the money loaned.  He was

4  just taking a set fee of $10,000 per loan?

5  A.  Once I finished he would say, Okay.  What did

6  you make on it?  And then -- but the whole time he was

7  mainly doing it, helping me get started with the

8  business.

9  Q.  So would it be fair to say that you would come

10  to an agreement on what you would pay him back after you

11  got the house built and sold?

12  A.  For the most part, yes.

13  Q.  When the financing was being provided, were

14  you documenting the loan in any way?

15  A.  I would put -- before hers I would just put it

16  on my spreadsheet, what I would put into it, into each

17  build.  Then once it sold we would go over it.  So we

18  never filed deeds or anything.

19  Q.  Well, you wouldn't file a deed of trust?

20  A.  Right.

21  Q.  Would you ever sign a note?

22  A.  No.

23  Q.  So the last property that you did under your

24  d/b/a was Silver Star, correct?

25  A.  Yes.

## Page 30

1 Q. And that was financed by your father?
2 A. Correct.
3 Q. And was your father paid in full for --
4 A. Yes.
5 Q. -- his loan on that property?
6 A. Yes, it was, because that's when I split the
7 Jet loan to part of it, and then he financed part of it.
8 Q. Was the Jet loan paid in full?
9 A. Yes.
10 Q. And I think you indicated that the next
11 property you built was the one for your wife's company,
12 Premier Builders, LLC?
13 A. Right.
14 Q. And your father is providing the financing on
15 that property?
16 A. Yes, he is. It also has another lien from the
17 developer.
18 Q. Who is the developer?
19 A. High Mountain. High Mountain, Limited.
20 Q. Who is the person behind High Mountain,
21 Limited?
22 A. It's Richard Thomas.
23 Q. How much is his lien?
24 A. It's 100,000, I believe.
25 Q. Have you personally guaranteed that lien?

## Page 31

1 A. No. I mean, I don't know if my wife has. I
2 don't believe she did.
3 Q. So there's no personal guarantees on the loan
4 by Richard Thomas to Premier Builders & Design, LLC?
5 A. No.
6 Q. Is there a promissory note?
7 A. Yes, there is.
8 Q. Is there a deed of trust?
9 A. Yes.
10 Q. Is the loan for the purchase of the lot?
11 A. Yes.
12 Q. The financing that's been provided by your
13 father, is there a promissory note?
14 A. Yes, there is.
15 Q. Is there a deed of trust?
16 A. Yes.
17 Q. Is there an interest rate called for in the
18 promissory note with your father?
19 A. I would have to verify if it did. One of my
20 old attorneys did that paperwork.
21 Q. Who was that, the attorney?
22 A. It was Kirk.
23 Q. Bud Kirk?
24 A. Uh-huh.
25 Q. Have you done any other work since the first

## Page 32

1 part of 2016, other than build the house with Premier
2 Builders & Design, LLC?
3 A. We did a little renovation in Las Cruces for
4 her friend -- her friend's dad who passed away.
5 Q. Did the friend pass away or the friend's --
6 A. The friend's father.
7 Q. What's the friend's name?
8 A. It was Darby Snow.
9 Q. Was there a contract for this work?
10 A. Well, the father died and they were trying
11 to -- they couldn't find anybody to sell the house
12 because it was like a hoarder house, and so they asked
13 us -- they asked my wife if she wanted to buy it.
14 Q. They --
15 A. They were almost going to condemn it, the
16 City, and the wife couldn't afford to have two house
17 payments.
18 Q. The wife -- whose wife?
19 A. The wife of the guy who passed away.
20 Q. She had two house payments?
21 A. Well, his -- because they were living
22 separate. And so when he passed away she couldn't keep
23 that house afloat and her own personal residence.
24 Q. So was the house deeded to your wife?
25 A. It was deeded to the LLC.

## Page 33

1 Q. Which LLC?
2 A. Premier Builders & Design, LLC.
3 Q. So what work had been done on this house since
4 it was deeded to Premier Builders & Design?
5 A. It was remodeled and sold.
6 Q. What repairs were done to this house?
7 A. It was extensive. The whole back part of the
8 house had to come off. Roof redone, electrical,
9 plumbing, kitchen, all new tile, carpet, garage doors,
10 new doors. It was a lot of work.
11 Q. And when did you do this work?
12 A. In March or April of -- no -- April of 2014 --
13 2016. April and May, I believe.
14 Q. And when was it sold?
15 A. In June.
16 Q. Of 2016?
17 A. Yes.
18 Q. How much was it sold for?
19 A. 130-, I want to say.
20 Q. What was the property acquired for? What was
21 your purchase price?
22 A. 89-, I believe.
23 Q. How much money was put into the house to fix
24 it up?
25 A. I don't know offhand. I would have to see.

## Page 34

1  Like I said, we haven't done the taxes this year so --
2  or she hasn't done the taxes.
3      Q.  Did you make money on the property?
4      A.  No, because we were just helping a friend.  I
5  mean after all the costs, just driving up there --
6      Q.  So was this job done before you started
7  building the house at 354 Rocky Point?
8      A.  Yes.
9      Q.  Who funded the remodeling job in Las Cruces?
10     A.  My father did.
11     Q.  What interest or profit did your father take
12 on this job?
13     A.  There wasn't much to be taken, so I think he
14 only took like 1,000.  First we bought it just to
15 wholesale it, but nobody wanted it because it was in too
16 bad a condition.
17         MR. NEVAREZ:  Is this a good time to
18 break?
19         MR. HAUGLAND:  Sure, we can take a break.
20         (A break taken, 11:26 to 11:38.)
21     Q.  (BY MR. HAUGLAND)  Let's talk about some of the
22 production of documents in this matter.  We asked you to
23 provide a ledger for Premier Builders, the d/b/a.
24     A.  Uh-huh.
25     Q.  Let me hand you a file.  Is that what those

## Page 35

1  documents are there?  Is that the ledger that you
2  prepared for Premier Builders?
3      A.  Yes.
4      Q.  And I numbered the documents you produced
5  yesterday in my office, so that ledger starts at Travis
6  00435 and goes through Travis 00453; is that right?
7      A.  Yes.
8      Q.  How would you know what entries to put in the
9  ledger as compared to the checks that were written on
10 the account during that time frame?
11     A.  When I would write a check I would put it on
12 there, if that's what you are asking.
13     Q.  Would you have every check in the account on
14 your ledger?
15     A.  Well, they should be, yes.  Yes.
16     Q.  Would there ever be checks written out of the
17 account that would not end up on the ledger?
18     A.  No.
19     Q.  The checks that were produced in response to
20 the request for production, are these all out of one
21 account, or are they mixed together between the accounts
22 that you had during this time frame?
23     A.  That's just one account, the 8381.
24     Q.  And is that the same account that was used to
25 create the ledger for the business?

## Page 36

1      A.  Yes.
2      Q.  Have you ever had a savings account?
3      A.  It was just that personal one, with the
4  personal documents, but no money was really kept in it.
5      Q.  Is it Bank of America?
6      A.  Yes.
7      Q.  Have you ever had a retirement account?
8      A.  No.
9      Q.  Have you ever had a stock brokerage account?
10     A.  No.
11     Q.  Let's talk about the tax returns that have
12 been produced.
13     A.  There's one more in here, too.
14     Q.  All right.
15     A.  That's the other part of 2015 and then 2013.
16     Q.  So in 2013 -- where were you living in 2013?
17     A.  At the Mariposa house.
18     Q.  And your income is reflected as $28,190 in
19 2013.  And that's self-employment income from operation
20 of your business?
21     A.  Correct.
22     Q.  And in 2014 where were you living?
23     A.  The Mariposa house.
24     Q.  And your business income is claimed at
25 $21,500; is that correct?  Do you want to see?

## Page 37

1      A.  Yes, let me see.  Yes.  But I had to -- I
2  think I amended the 2015 one.
3      Q.  This is 2014.
4      A.  Right.
5      Q.  You think you amended 2014?
6      A.  Because I didn't put the interest on the Jet
7  loan in 2014, so I carried it over to the 2015.  So it
8  should have been 2014, but in 2015 I didn't use the
9  accountant to do it.
10     Q.  So in 2015 did you prepare your tax return
11 yourself?
12     A.  Yes.
13     Q.  And this is the one you think you have had to
14 amend?
15     A.  Yes.
16     Q.  Did you use the same accountant to do the
17 amended return, Vargas CPA, PC?
18     A.  Not in 2015.  I mean -- yes, not in 2015 --
19     Q.  Who did you use?
20     A.  -- return.
21         I didn't use anybody.
22     Q.  Who did the amended return?
23     A.  No, no, no.  I was saying that the costs from
24 2014, we didn't put the interest on, so I put them on
25 the 2015 one.

## Page 38

1  Q. So in 2015 was your claimed business income
2  $3,835?
3  A. Yes.
4  Q. But your sales for 2015 in Premier Builders
5  was $388,500?
6  A. Right.
7  Q. In 2016 do you have any idea what your income
8  was?
9  A. It was on the bottom of the other summary, 356
10  Silver Star. I think it was under the financial
11  statements folder. I'm not sure offhand. It was at the
12  bottom of it.
13  Q. Let me hand you the Silver Star documentation
14  you are referencing.
15  A. So Silver Star, the net profit, I mean without
16  doing tax deductions, was 10,000.
17  Q. $10,108.27?
18  A. Yes.
19  Q. That's your earned income for calendar year
20  2016?
21  A. Right.
22  Q. Will you be preparing your 2016 tax return for
23  filing on or before April 15 of this year?
24  A. I probably will.
25  Q. Are you going to do it yourself, or are you

## Page 39

1  going to ask for assistance?
2  A. I will probably have assistance, just to make
3  sure.
4  Q. Are you using Vargas?
5  A. No, I'm not.
6  Q. Why not?
7  A. The girl who I used to work with under him,
8  she left his office, so I don't use him anymore.
9  Q. Who is the person you use?
10  A. Her name was Tammy, I believe. Tammy -- I
11  would have to get it for you. She actually left in
12  2014, and that's why I didn't do 2015 there. Or she
13  left sometime during that time.
14  Q. With regard to the request for production on
15  deeds and conveyances of real property in your name or
16  your spouse's name, I'm going to hand you the file that
17  includes the deeds that you provided here, and I would
18  like you to identify the properties that have been
19  deeded into your name in the last five years that you
20  have produced here.
21  A. This is 356 Silver Star. This was her
22  (indicating) property.
23  Q. Whose property?
24  A. Pam's.
25  This was my personal residence.

## Page 40

1  Q. Okay.
2  A. Personal residence. The Franklin Trail. This
3  was the Silver Star, which I was financing, and the
4  Silver Star financing, and Silver Star transfer of deed.
5  And this is just mortgage information.
6  Q. The Colonial information is mortgage for what?
7  A. My property.
8  Q. Your home?
9  A. Uh-huh.
10  Q. Do you have the closing documents from the
11  various sales that you have closed through Premier
12  Builders since 2013?
13  A. I do have them.
14  Q. Are they maintained with the cost documents
15  related to the construction of the homes?
16  A. Yes.
17  Q. With regard to contracts relating to the sales
18  of properties, you produced the one contract between
19  Travis Young d/b/a Premier Builders and Jesus and
20  Rebecca Reza. Have you produced some more?
21  A. This is the Silver Star one. And then I
22  didn't know if you needed hers or not.
23  Q. With regard to the Silver Star contract that
24  you have handed me, who prepared the original of this
25  contract?

## Page 41

1  A. The other party, Sandy Messer organized it.
2  Q. What title company did you use to close this?
3  A. That one was Lone Star.
4  Q. Can you remember who the closer was on the
5  deal?
6  A. Yes. It's Tim Wieland.
7  Q. With regard to the financial statements that
8  you have produced, can you tell me what it is that these
9  three documents represent -- or these three groups of
10  documents that you have provided to me that relate to
11  financial statements?
12  A. This was my cost breakdown per job, and then,
13  I mean, I guess I had a simple way of accounting. And
14  so just the final costs, what the total build costs were.
15  and then what I sold it for.
16  Q. And these are basically the job summaries or
17  the cost accounting on 448 San Clemente, Montoya Oak and
18  Silver Star?
19  A. Right.
20  Q. Is that right?
21  A. Uh-huh.
22  Q. Did you ever prepare a financial statement for
23  Premier Builders that included assets, liabilities and
24  owner's equity?
25  A. No, I never did.

## Page 42

1    Q. Did you ever have an accountant do that for
2  you?
3    A. No.
4    Q. Did Premier Builders ever own any personal
5  property?
6    A. As far as —
7    Q. Tools.
8    A. I did give you my tool inventory. I never
9  really had many tools, but I guess my truck would be the
10  only thing, if that's — well —
11        (Exhibit marked, 2.)
12    Q. (BY MR. HAUGLAND) Why don't we go ahead and
13  mark this — we have got Exhibit 1, so let's go to
14  Exhibit 2, because this is kind of —
15    A. The vehicle mileage were on there.
16    Q. That's the Premier Builders Inventory List
17  that you prepared and provided to me today?
18    A. Correct.
19    Q. And what all do you have on there?
20    A. It's just —
21        MR. NEVAREZ: Do you have another copy of
22  that for me?
23        MR. HAUGLAND: He brought this.
24        MR. NEVAREZ: Yes, I know. Since you
25  entered it into an exhibit, I would like to have a copy.

## Page 43

1        MR. HAUGLAND: Well, I mean, can we wait
2  till we ask questions about it and make a copy on the
3  break?
4        MR. NEVAREZ: Well, I kind of would like
5  to follow along. I can't see from here.
6        MR. HAUGLAND: Well, your client brought
7  it. If you want to break so we can make a copy of it
8  before I ask questions, I guess we can.
9        MR. NEVAREZ: Well, go ahead, since it's
10  just a small document. Are there going to be other
11  documents that you are going to be entering into
12  exhibits?
13        MR. HAUGLAND: The ones that I brought
14  with me I have extra copies for you. I'm not planning
15  on necessarily making exhibits of all the documents at
16  this point. But this one I didn't — since it's a
17  single page, I was afraid it was going to get lost.
18        MR. NEVAREZ: Okay. Go ahead.
19    Q. (BY MR. HAUGLAND) What all did you include as
20  business assets of Premier Builders?
21    A. Just some small value tools and my truck, and
22  then I just put the vehicle mileage on the sheet.
23    Q. You also have an "Audi Q5 Milage." Who does
24  the Audi belong to?
25    A. That's my wife's.

## Page 44

1    Q. And what's the Infinity G37?
2    A. That's hers, too. I mean her car.
3    Q. And so the 2008 F-250, is that your car?
4    A. Uh-huh.
5    Q. Do you have any other vehicles that you and
6  your wife own?
7    A. No.
8    Q. With regard to documents related to financing
9  of your business, would it be fair to say that these two
10  Uniform Residential Loan Application groups of documents
11  represent the totality of the loan documentation in your
12  possession relating to Premier Builders?
13    A. Yes, it is.
14    Q. What two jobs did these relate to, if you can
15  tell me?
16    A. They were both for Silver Star. Yes, they
17  were both for Silver Star.
18    Q. And who was the lender?
19    A. The broker was Marquise Lending. The actual
20  lender was Jet Private Loans.
21    Q. Do you know the person behind Jet Private
22  Loans?
23    A. No, I don't. I never met him.
24    Q. Did you ever make a loan application to Binary
25  Investments?

## Page 45

1    A. Yes. Actually one of those was, I think, an
2  application. It didn't go through. I mean, we never
3  consummated the deal. But the Jet loan did.
4    Q. Why didn't the Binary Investments loan go
5  through?
6    A. Right when I was doing that loan, that's when
7  I sold the property.
8    Q. Is that the Silver Star property?
9    A. Yes.
10    Q. How much were you going to borrow from Binary?
11    A. It was 350-. It was mainly to pay off the Jet
12  loans.
13    Q. Was there more than one Jet loan?
14    A. There were two Jet loans on the Silver Star
15  for 250-.
16    Q. What was going to be done with the extra
17  $100,000 you were borrowing from Binary?
18    A. Well, at that time I still — finishing the
19  house, so I was going to use it for construction. But I
20  had still owed money to Jet loans. I don't remember
21  exactly how much. So it wasn't going to come out to
22  that much that they were going to end up giving out of
23  that 350-.
24    Q. We were talking about cars and trucks. Do the
25  LLCs that are owned by your wife own any cars or trucks?

Page 46

1      A. No.
2      Q. The cars and truck titles, are those what you
3   brought me here today?
4      A. Yes. That one is my Ford, and then that one
5   in the Infinity.
6      Q. Do you not have the title for the Audi Q5?
7      A. No, because that one is financed. The
8   Infinity was totaled and we bought it back and I
9   repaired it.
10     Q. What other documents have you produced today?
11     A. Just insurance documents of the vehicles.
12     Q. Have you produced your homeowner's insurance
13  policy?
14     A. No. I need to ask Kathleen Hernandez what's
15  on it right now.
16     Q. Who did you buy the insurance for your
17  homeowner's through?
18     A. I never purchased it. She said she has just
19  had the same insurance on the property since -- it's
20  been a while now, six years. So I need to find out.
21     Q. So who has the insurance?
22     A. I believe it's still in her name through
23  her -- that her lender makes her have, the Colonial
24  Savings.
25     Q. That's Kathryn [sic] Hernandez?

Page 47

1      A. Uh-huh.
2      Q. She is your lender?
3      A. Right.
4      Q. She was the seller, and she let you wrap her
5   original mortgage?
6      A. Correct.
7      Q. Other than your Texas driver's license, do you
8   have any other licenses?
9      A. No, I don't.
10     Q. Do you have any memberships in any other
11  organizations or associations?
12     A. No.
13     Q. During the last four years, have you or your
14  wife spent more than $500 in acquiring any personal
15  property?
16     A. The only ones I can think of is a new bed, new
17  mattress. I really didn't buy many items, nor did she.
18     Q. Who did you buy the bed and mattress from?
19     A. Mattress firm, I think. I'm not sure.
20     Q. Would you have spent more than $500 in any one
21  expenditure with Amazon.com?
22     A. A lot of times the Amazon was for building
23  supplies.
24     Q. What monthly credit cards -- strike that.
25         What cards have you used over the last

Page 48

1   four years?
2      A. The Chase business one -- Chase, Inc., I mean.
3   There was a Capital One. The Capital One was a business
4   one. And there was a Bank of America personal, and the
5   Citi card that was -- well, the City card was business
6   too.
7      Q. So --
8      A. And a Chase -- there's another Chase
9   Southwest.
10     Q. So you have a Chase -- what -- MasterCard?
11     A. It was Chase, Inc. Visa. Yes, it was a Visa.
12     Q. And then you have a Capital One?
13     A. Uh-huh. Yes.
14     Q. And you have a Citi card?
15     A. Yes.
16     Q. And you have a Chase Southwest?
17     A. Yes.
18     Q. You did not produce those statements. Do you
19  have access to those statements?
20     A. I could probably get them. Since they were
21  closed, I don't know how difficult they are.
22     Q. You didn't keep the statements?
23     A. I do have some of them.
24     Q. I would still like to see them.
25     A. Like I said, the main one I used was the

Page 49

1   Chase, Inc. card. Of course, because I was getting
2   points at that time. But it was a paid-in-full-monthly
3   card.
4      Q. So is it fair to say that none of the
5   agreements between you and your father have ever been in
6   writing?
7      A. Correct.
8      Q. And I asked you to provide the checking
9   account statements for your wife. Why have you not
10  produced those today or yesterday?
11     A. The same reason, just because it was her
12  separate property.
13     Q. I asked you to produce all form 940's and form
14  941's prepared for Premier Builders. And I think you
15  indicated yesterday you have never prepared those; is
16  that right?
17     A. Correct.
18     Q. And that's because you have never had any
19  employees?
20     A. Right.
21     Q. Do either of the LLCs that you are currently
22  working for have any employees besides yourself?
23     A. No.
24     Q. I asked you to produce your wife's Texas
25  driver's license and Social Security card. You have not

## Page 50

1  done that, have you?
2      A.  No.
3      Q.  Why not?
4      A.  Mainly a privacy thing, too.
5      Q.  Does she have a Texas driver's license or a
6  New Mexico driver's license?
7      A.  I don't know.  I think she switched it to
8  Texas.
9      Q.  And you have indicated that your homeowner's
10  insurance policy -- you don't have a copy of it?
11      A.  No.  I need to do some research into that.
12      Q.  Do the LLCs that you are currently working for
13  have any property or inventory from which they work?
14      A.  Do they have any property?  Please repeat.
15      Q.  Let me rephrase.  Does the LLC own any tools?
16      A.  No.
17      Q.  Does the LLC own any equipment?
18      A.  Not that I'm aware of.
19      Q.  Have you ever received a rendition form and a
20  request from the El Paso Central Appraisal District to
21  submit a rendition of any personal property used in the
22  operation of Premier Builders?
23      A.  I have never received one.
24      Q.  Have you ever provided one?
25      A.  No, I never have.

## Page 51

1      Q.  Have you produced any of the books and records
2  of Premier Builders & Design, LLC?
3      A.  No.
4      Q.  Why not?
5      A.  Since that's all the LLC questions -- since
6  it's my wife's company.
7      Q.  Have you produced any of the documents
8  relating to RUF Developers, LLC or RUF, LLC?
9      A.  The same, since it's my wife's company.
10      Q.  What's the legal name of that entity, if you
11  know?
12      A.  Of which one?
13      Q.  RUF, R-U-F.
14      A.  It's RUF Developers.
15      Q.  You indicated that RUF does own a lot,
16  correct?
17      A.  Yes.
18      Q.  Who was that lot acquired from?
19      A.  It was acquired from High Mountain, Limited.
20      Q.  That's the one -- is that the one where
21  financing was provided?
22      A.  Well, both of them.  So the Premier Builders &
23  Design and the RUF Developers.
24      Q.  So was the consideration of the promissory
25  note and deed of trust that Premier Builders is

## Page 52

1  obligated to repay?
2      A.  Not on RUF developers.
3      Q.  So it has a separate note --
4      A.  Yes.
5      Q.  -- and deed of trust?
6      A.  Uh-huh.
7      Q.  You were asked to provide the itemized list of
8  items purchased to build or renovate 724 Montoya Oak
9  Lane.  Is that the financial statement that you provided
10  to me --
11      A.  Yes.
12      Q.  -- that we discussed earlier?
13          And the 356 Silver Star you likewise
14  produced for me?
15      A.  Correct.
16      Q.  You haven't done that for the Las Cruces
17  property that was acquired from Ms. Snow, have you?
18      A.  No, since that was the LLC's, my wife's.
19      Q.  And likewise, you haven't produced the costs
20  related to 354 Rocky Point, correct?
21      A.  Correct.
22      Q.  And that's because it's an LLC property?
23      A.  Uh-huh.
24      Q.  Is this a yes?
25      A.  Yes.

## Page 53

1      Q.  You were asked to produce a copy of the
2  certificate of completion and payment plan developed
3  with the credit counseling agency identified in your
4  original bankruptcy filing.
5          Is this the certificate of counseling
6  that you have produced here today?
7      A.  Correct.  And I asked Cheryl, and she said
8  since -- something about since I was upside-down there
9  was no payment plan.
10      Q.  You indicated -- are you still paying for the
11  truck that you are driving?
12      A.  No.
13      Q.  Does your wife have a retirement account?
14      A.  I mean, she does have a retirement account.
15      Q.  And you have not produced the statements
16  related to the retirement account, correct?
17      A.  Correct.
18      Q.  Other than the loan applications that you have
19  provided, you have not provided any loan documents
20  related to the lots acquired by Premier Builders &
21  Design, LLC or by RUF Developers, LLC, correct?
22      A.  Correct.
23      Q.  And you have not done that because you contend
24  that they are your wife's separate property; is that
25  right?

## Page 54

1    A. Correct.
2    Q. The accountings that you have provided on the
3 construction of the homes for Premier Builders, would
4 there be receipts in there for the materials that were
5 purchased related to those properties?
6    A. Uh-huh. Yes. Or -- physical receipts --
7    Q. Yes.
8    A. -- you mean on the --
9    Q. Is there backup to the financial information
10 provided for those home constructions?
11    A. I mean, the main backup is -- pretty much
12 everything ran through my bank account, so I would use
13 that. I mean, I do have a lot of receipts.
14    Q. Are you on any medications today?
15    A. Huh-uh.
16    Q. Is that a no?
17    A. Oh, yes. No.
18    Q. Have you ever been in the military?
19    A. No.
20    Q. Have you ever been convicted of a crime?
21    A. No.
22    Q. Have you ever been arrested?
23    A. I won't answer that.
24    Q. What now?
25    A. I can't answer that.

## Page 55

1    Q. You can't answer that, or you won't answer
2 that?
3    A. No, I won't answer it.
4    Q. Have you ever been fired from a job for cause?
5    A. No.
6       (Exhibit marked, 3.)
7    Q. (BY MR. HAUGLAND) Let me hand you what's been
8 marked Exhibit 3 for identification. And I'll represent
9 to you that this is a copy of page 1 through 51 of your
10 initial bankruptcy filing, including the voluntary
11 petition and your schedules.
12       Do you recognize these documents?
13    A. Yes.
14    Q. Were these documents true and correct and
15 complete as of February 3, 2017?
16    A. Yes.
17       (Exhibit marked, 4.)
18    Q. (BY MR. HAUGLAND) Let me hand you what's been
19 marked Exhibit 4 for identification. Do you recognize
20 that document?
21    A. Yes.
22    Q. These are the Statement of Financial Affairs
23 that you filed along with the petition and schedules
24 when you filed for bankruptcy, correct?
25    A. Yes.

## Page 56

1    Q. And to the best of your knowledge, were those
2 documents true and correct and accurate as of the date
3 of filing on February 3, 2017?
4    A. Yes.
5       (Exhibit marked, 5.)
6    Q. (BY MR. HAUGLAND) Let me hand you what's been
7 marked Exhibit 5 for identification. These are amended
8 Statement of Financial Affairs that I believe you filed
9 in your bankruptcy on March 21, 2017.
10       Do you recognize these documents as that?
11    A. Yes.
12    Q. And what did you change from your original
13 Statement of Financial Affairs to your amended Statement
14 of Financial Affairs?
15    A. I had forgot that I did the Jet Private Loan
16 financial statement for them.
17    Q. When you filed for bankruptcy, you indicated
18 that you were receiving $3,000 a month in income.
19    A. Correct.
20    Q. From what source?
21    A. From my parents.
22    Q. Have you had any other source of income in
23 2017?
24    A. No.
25    Q. Are your parents continuing to provide you

## Page 57

1 with $3,000 per month?
2    A. Yes.
3    Q. The Audi Q5, you indicated it was in your
4 wife's name only?
5    A. Yes.
6    Q. Are you making the payments on that loan?
7    A. I mean -- yes, she is.
8    Q. She is or you are?
9    A. I mean she is.
10    Q. When you closed on 356 Silver Star, who was
11 the seller of that property?
12    A. My d/b/a was.
13    Q. Did Premier Builders, LLC have anything to do
14 with that closing?
15    A. No. I don't think it was even formed yet at
16 that time.
17    Q. 356 Silver Star was sold for $675,000; is that
18 right?
19    A. Correct.
20    Q. And how much profit did you make off of the
21 Silver Star sale?
22    A. It's what I had in there. I mean, before
23 going through the taxes of 2016, it was like 10,000, I
24 believe.
25    Q. Whose bank account were the sales proceeds

## Page 58

1  from Silver Star deposited into?
2      A.  It was deposited into my account, then I
3  transferred it to my father.
4      Q.  And the account that the sales proceeds were
5  deposited in, would that be the account that you
6  provided me the statements for?
7      A.  Correct.  It's the 8381.
8      Q.  On your loan application with Binary
9  Investments you stated your monthly gross income was
10  $9,000.  What did you base that on?
11      A.  When I did those loans I was just
12  projecting -- I was projecting to sell Montoya and
13  Silver Star in the same year, and for much more
14  anticipated profits.  That didn't happen.
15          Are you asking on the Binary one?
16      Q.  Yes.
17      A.  Yes.  The same thing.  And the loan officer
18  said, Yes, just do your projected income for the
19  upcoming year.
20      Q.  Are you continuing to get family assistance
21  after filing this bankruptcy petition?
22      A.  Yes.
23      Q.  Does your wife have a general contractor's
24  license?
25      A.  Yes.

## Page 59

1      Q.  Why?
2      A.  Well, the LLC has the general contractor
3  license.
4      Q.  Why?
5      Q.  Why does she have one?
6      Q.  Yes, sir.  Why does she have one?
7      A.  In order to pull permits with the City.
8      Q.  Does she have to have a license because you
9  don't?
10      A.  I mean --
11          MR. NEVAREZ:  I mean, I think that's
12  really just speculation as to why she has to have a
13  license because he doesn't.
14      A.  I mean anybody could have a license.  You can
15  go down to the City and pay $100.
16      Q.  (BY MR. HAUGLAND)  Is your general contractor's
17  license on hold with the City?
18      A.  Yes, it is.
19      Q.  Why?
20      A.  Because of your client.
21      Q.  She is able to stop a license from being
22  issued?
23      A.  Uh-huh.
24      Q.  How?
25      A.  By nonstop calling the City and complaining

## Page 60

1  until they take initiative and falsely put it on hold
2  that way.
3      Q.  City inspectors looked at my client's house
4  and found multiple problems with it.  Hasn't the City?
5      A.  I believe that -- I mean, I wouldn't say they
6  found the problems, but they went and inspected it.
7      Q.  They didn't find anything wrong with it after
8  they inspected it?
9      A.  Ron Roth told me what to do to get my license
10  off, and I did it, and then he went back on his word.
11  And not much I can do.
12      Q.  Prior to pulling the license for her LLC, did
13  your wife have any construction experience?
14      A.  I mean, if you look at most builders, a lot of
15  them don't have experience, you will come to learn.  I'm
16  not saying she does or doesn't have experience.
17      Q.  In order for your wife to open Premier
18  Builders & Design, LLC, did you have to give her
19  permission to use the name Premier Builders after you
20  had used it for several years?
21      A.  No, I didn't, since mine was just a sole
22  proprietor, since that's an LLC.
23      Q.  So she didn't ask for your permission to use
24  Premier Builders as the name of her LLC?
25      A.  Huh-uh.

## Page 61

1      Q.  Is that a no?
2      A.  Oh, no.
3      Q.  And so I understand, the first project that
4  Premier Builders did was the remodel of the Las Cruces
5  property, correct?
6      A.  Correct.
7      Q.  And the second project of Premier Builders &
8  Design, LLC is to build the house at Rocky Point?
9      A.  Correct.
10      Q.  And that price is listed for sale for how
11  much?
12      A.  898,000.
13      Q.  And the financing for the Rocky Point house
14  has been provided by your father, Keith Young?
15      A.  Correct.
16      Q.  And there is a note and deed of trust on that
17  loan?
18      A.  Correct.
19      Q.  Have you had to sign that note or deed of
20  trust?
21      A.  No.  I'm not allowed to.
22      Q.  Has your wife signed a personal guarantee on
23  that loan?
24      A.  No, she hasn't.
25      Q.  Why did your wife create RUF Developers, LLC

Page 62

1   if she already had an LLC, Premier Builders?
2       A.   Just to have it under a separate holding.  It
3   was under the advice of Mr. Kirk.
4       Q.   Other than the two lots and the house that are
5   owned by your wife's LLCs, does it have any other
6   assets, to your knowledge?
7       A.   No, it doesn't.
8           MR. HAUGLAND:  Let's take a break.
9           (A break taken, 12:41 to 12:54.)
10      Q.   (BY MR. HAUGLAND)  Mr. Young, when you were
11  doing business as Premier Builders, did you send form
12  1099's to all your subcontractors?
13      A.   Yes, I did.
14      Q.   Were those form 1099's accurate?
15      A.   They should be.
16      Q.   Did you ever overstate in a 1099 any amounts
17  paid to subcontractors?
18      A.   I don't believe so.
19      Q.   How long have you been getting $3,000 a month
20  in family assistance?
21      A.   My father had been helping me for quite a
22  while because he can't stand what she did to me and this
23  whole situation.
24      Q.   Would he give you that $3,000 in a check or in
25  cash?

Page 63

1       A.   It would be different, different each time.
2   Just -- I mean recently it's been 3,000.  It was
3   different in the past, different amounts.
4       Q.   Would you deposit it in your checking account?
5       A.   Sometimes.
6       Q.   Which checking account?
7       A.   Well, I mean, it would always be in 8381.
8       Q.   Is that your personal account or is that the
9   d/b/a account?
10      A.   The d/b/a.
11      Q.   In 2015 why were you making payments to
12  Escrow, Inc.?
13      A.   That was the Jet loan.  They use Escrow as
14  their agent -- I mean their -- to manage it, the
15  payments.
16      Q.   Who is George Rosales?
17      A.   He was one of my subcontractors.
18      Q.   Did he have a business name?
19      A.   No.  Most of those guys don't.
20      Q.   Which car did Bank of America finance?
21      A.   It was my F-250.
22      Q.   What financing did you have at FirstLight
23  Federal Credit Union?
24      A.   FirstLight?  I'm not sure.  I never had
25  financing there.

Page 64

1           (Exhibit marked, 6.)
2       Q.   (BY MR. HAUGLAND)  Can you tell me what
3   Exhibit 6 is?
4           MR. NEVAREZ:  Let me see it.
5       A.   It was a car payment.
6       Q.   (BY MR. HAUGLAND)  For what car?
7       A.   It was my wife's.
8           (Exhibit marked, 7.)
9       Q.   (BY MR. HAUGLAND)  Let me hand you what's been
10  marked Exhibit 7.  What's that?
11      A.   Same thing.
12      Q.   It's a car payment that you made for your
13  wife?
14      A.   Yes, at that time.
15          (Exhibit marked, 8.)
16      Q.   (BY MR. HAUGLAND)  Let me hand you what's been
17  marked as Exhibit 8 for identification.  Can you tell me
18  what that is?
19      A.   That's for the Infinity car.
20      Q.   Who is Letty Mata?
21      A.   Letty Mata?  Oh, she is a drafter.
22      Q.   What plans has she drafted for you?
23      A.   She has done Silver Star.  She has done some
24  concept ones for me, too.  She did -- I think she did
25  hers (indicating).  Oh, no, no.  That was Rafcad.  She

Page 65

1   did Silver Star, and then she has just done some concept
2   drawings, too.
3       Q.   Who did the plans for 356 Rocky Point?
4       A.   Mata did.  No, that wasn't Mata.  I had the
5   architect.  What was his name?  Ed McCormick.
6       Q.   Ed McCormick?
7       A.   Uh-huh.
8       Q.   What checking account do you use since
9   September of 2016?
10      A.   That was my only one that I was using.  Oh,
11  since September?
12      Q.   Yes.
13      A.   I haven't really written any more checks since
14  then.
15      Q.   Have you understood my questions here today?
16      A.   Yes.
17      Q.   Are there any answers to any of my questions
18  that you would like to change at this point?
19      A.   No.
20          MR. HAUGLAND:  Thank you, sir, for
21  appearing here today.  I'll pass the witness.
22          MR. NEVAREZ:  I have no questions.
23          (Deposition concluded at 1:06 p.m.)
24
25

## Page 66

```
 1        C E R T I F I C A T E
 2
 3   STATE OF TEXAS     )
 4   COUNTY OF EL PASO  )
 5
 6        I, Mary Procell, Certified Shorthand Reporter
 7   of the State of Texas, hereby certify that this
 8   transcription is a true record of the testimony given in
 9   said proceedings, and that said transcription is done to
10   the best of my ability.
11        Given under my hand and seal of office on this
12   14th day of April, 2017.
13
14
15        MARY PROCELL
          Certified Shorthand Reporter
16        Of the State of Texas
          Certificate Number 2812
17        Date of Expiration of
          Certificate: 12/31/18
18        Firm Registration Number: 372
19
20
21
22
23
24
25
```

## Page 67

```
 1        CHANGES AND SIGNATURE
 2   TRAVIS RYAN YOUNG          APRIL 4, 2017
 3   PAGE  LINE  CHANGE          REASON
 4   _____
 5   _____
 6   _____
 7   _____
 8   _____
 9   _____
10   _____
11   _____
12   _____
13   _____
14   _____
15   _____
16   _____
17   _____
18   _____
19   _____
20   _____
21   _____
22   _____
23   _____
24   _____
25   _____
```

## Page 68

```
 1        I, TRAVIS RYAN YOUNG, have read the foregoing
 2   deposition and hereby affix my signature that same is
 3   true and correct, except as noted above.
 4
 5
          _____
 6        TRAVIS RYAN YOUNG
 7
 8   THE STATE OF _____)
 9   COUNTY OF _____)
10
11
12
13        Before me, _____, on this
14   day personally appeared TRAVIS RYAN YOUNG, known to me
15   (or proved to me under oath or through
16   _____) to be the person whose name
17   is subscribed to the foregoing instrument and
18   acknowledged to me that they executed the same for the
19   purposes and consideration therein expressed.
20        Given under my hand and seal of office this
21   _____ day of _____, 2017.
22
23
24        NOTARY PUBLIC IN AND FOR
          EL PASO COUNTY, TEXAS
25        MY COMMISSION EXPIRES _____
```



IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: June 15, 2017.

_____
H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TRAVIS RYAN YOUNG, | § | Case No. 17-30163-hcm |
| | § | |
| Debtor. | § | |

### AGREED ORDER RESOLVING MOTION TO COMPEL AND FOR SANCTIONS PURSUANT TO RULE 2004

On May 24, 2017, came on for hearing the Motion to Compel and for Sanctions Pursuant to Rule 2004 [Doc #12] (the "Motion") filed by Creditor Pam Young, and the Debtor's Response to Motion to Compel and for Sanctions Pursuant to Rule 2004 [Doc # 19] (the "Response"). On May 5, 2017, Creditor filed an Original Complaint For Determination of Dischargeability of Debt, docketed as Adversary Proceeding Case No. 17-03009, and an Original Complaint Objecting to Discharge of Debtor, docketed as Adversary Proceeding Case No. 17-03010.

Movant, Creditor Pam Young appeared in person and through her attorney, Corey W. Haugland. Travis Young appeared in person and by and through his attorney Michael R. Nevarez. Counsel for the parties announced an agreement on the record, which the Court is memorializing in this Order, which agreement is hereby approved.



EXHIBIT
P-2

The Court has considered the Motion, the Response, the 2004 Notice, the two Adversary Proceedings, the record, and the statements and arguments of counsel. For the reasons stated by the Court on the record at the hearing, the Court finds that the Motion should be granted in part, denied in part, and that the following Order should be entered with respect to the Motion.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Motion to Compel and for Sanctions Pursuant to Rule 2004 is hereby granted in part and denied in part.

2.      Under Bankruptcy Rule 2004, the Debtor is not required to produce to Creditor Pam Young documents that are not in the possession of the Debtor, including documents concerning the Debtor's pre-petition banks and/or credit card companies. Creditor may obtain said records via a subpoena duces tecum and the Debtor will not object to said discovery.

3.      Under Bankruptcy Rule 2004, the Debtor is not required to produce documents to Creditor Pam Young that relate to Brittany Young, the Debtor's wife, and her businesses. Creditor may obtain said records via a subpoena duces tecum and the Debtor will not object to said discovery.

4.      By agreement of counsel, the Debtor is not required to produce the documents requested by counsel for Creditor Pam Young, in the following paragraphs of Exhibit 4 of the Motion: Paragraphs (a), (b)2-6, (c), (d), (e)1, (f), (g), (h), (i), (j), (k)1-2, (m)5, (n), (p), (r), (s), (t), (v), (w), (x), (y), (z), (aa) – (xx), and (aaa) – (bbb), as part of the Rule 2004 Examination. Nothing in this Order precludes Creditor Pamela Young from seeking such documents from the Debtor, or any third party, in Adversary No. 17-03009-hcm or Adversary No. 17-03010-hcm.

5.      By agreement of counsel, the Debtor is only required to produce to counsel for Creditor Pam Young, within fourteen (14) from the date that this Order is filed with the U.S.

Bankruptcy Clerk, the following documents and/or information requested in the following paragraphs of Exhibit 4 of the Motion: Paragraphs:

(b)1) The July, 2016 through January, 2017 bank statements and checks for the Debtor's Bank of America business account;

(e)2) The Debtor's federal income tax return for 2016 and all Form 1099s sent to subcontractors who worked for the Debtor on his construction projects from January 1, 2013 through January 31,2017;

(k) All job files concerning the Debtor's pre-petition construction from January 1, 2013 through January 31, 2017, including closing documents, HUD-1s, receipts, expense records, credit card receipts, and related records;

(m) The invoices for the following expenditures:

1) Ashley Furniture - $1,127.00;
2) MPS-EP-Moto - $2,810.00
3) Adiamor wedding ring - $1,430.00;
4) Mattress Plus - $1,999.00.

(o) All documents relating to the bills and/or purchase price for items which the Debtor has claimed to be exempt property and related records concerning the acquisition of same;

(q) In lieu of the actual credit card statements, a list of all credit card companies and account numbers for all credit cards used by the Debtor from January 1,2013 through January 31, 2017.

(w)1) The invoices and plans received from Letty Mata that correspond to the $3,620.00 of payments made by the Debtor to Ms. Mata from February to May, 2016;

(zz) To the extent not previously produced, all titles, insurance policies, and retail installment contracts related to any of the automobiles in which the Debtor has an interest, including the 2008 Ford F-250, the 2013 Infinity, and the 2012 Audi Q-5;

6. Any relief requested in the Motion that is not expressly granted in this Order is hereby denied.

### 

AGREED AS TO CONTENT AND FORM:

/s/Michael R. Nevarez
Michael R. Nevarez
State Bar No. 14933400
The Nevarez Law Firm, PC
P.O. Box 12247
El Paso, Texas 79913
E-Mail: **MNevarez@LawOfficesMRN.com**
Attorney for Debtor TRAVIS RYAN YOUNG


/s/Corey W. Haugland
Corey W. Haugland
State Bar No. 09234200
JAMES & HAUGLAND, P.c.
609 Montana Avenue
El Paso, Texas 79902
E-Mail: chaugland@jghpc.com
Attorney for PAM YOUNG

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|                                                          |   |                           |
|----------------------------------------------------------|---|---------------------------|
| In re:                                                   | § |                           |
|                                                          | § |                           |
| TRAVIS RYAN YOUNG,                                       | § | Case No. 17-30163-hcm     |
|                                                          | § |                           |
| Debtor.                                                  | § |                           |
| ──────────────────────                                   | § |                           |
|                                                          | § |                           |
| PAMELA YOUNG,                                            | § |                           |
|                                                          | § |                           |
| Plaintiff,                                               | § |                           |
|                                                          | § |                           |
| v.                                                       | § | Adversary No. 17-03009-hcm|
|                                                          | § |                           |
| TRAVIS RYAN YOUNG, Individually                          | § |                           |
| and d/b/a PREMIER BUILDERS,                              | § |                           |
|                                                          | § |                           |
| Defendant.                                               | § |                           |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    DEFENDANT, TRAVIS RYAN YOUNG, Individually and d/b/a PREMIER BUILDERS, by and through his attorney of record, Michael R. Nevarez at the Law Offices of Michael R. Nevarez, P.O. Box 12247, El Paso, TX 79913.

COMES NOW, PLAINTIFF, PAMELA YOUNG (hereinafter the "Plaintiff"), and serves this, her First Request for Production and First Set of Interrogatories to Defendant as authorized by Federal Rules of Civil Procedure 33 and 34, as made applicable by Bankruptcy Rules 7033 and 7034.

As required by Rule 34(a), as made applicable by Bankruptcy Rule 7034, Defendant, TRAVIS RYAN YOUNG, Individually and d/b/a PREMIER BUILDERS (hereinafter "Defendant") must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, at the law offices of James & Haugland, P.C., 609



**EXHIBIT**
P-3

Montana Ave., El Paso, Texas 79902.

Additionally, TRAVIS RYAN YOUNG, Individually and d/b/a PREMIER BUILDERS must serve an answer to each Interrogatory separately and fully, in writing and under oath, within 30 days after service.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs

# DEFINITIONS AND INSTRUCTIONS

## Instructions for Requests for Production

A.  Respond to each Request for Production separately by listing the documents and by describing them as defined below.  If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

B.  For each document or other requested information that you claim is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.

C.  For each document you claim is not discoverable (1) identify the document; (2) state the reasons for your claim; (3) state the author's job title and address; (4) state the recipient's job title and address; (5) state  the name and job title of all persons to whom it was circulated or who saw it; (6) state the name, job title, and address of the person now in possession of the document and; (7) state the document's present location.

D.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, identify any other document evidencing the loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

E.  When a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection, the party shall make the claim expressly and shall describe  the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties

to assess the applicability of the privilege or protection.

## Instructions for Interrogatories

A. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case you shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

B. You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

C. The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

D. All grounds for an objection to an interrogatory shall be stated with specificity; any ground not stated in a timely objection is waived.

E. When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "You," "Your," "Debtor," or "Defendant," as well as your full or abbreviated name or a pronoun referring to you means and refers to TRAVIS RYAN YOUNG, Individually and d/b/a PREMIER BUILDERS, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly.

2. "Plaintiff" as well as her full or abbreviated name or a pronoun referring to her means and

refers to Pamela Young, and where applicable, her agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or under her control, whether directly or indirectly.

3. The term "person" or "entity" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group acting as a unit or any other business, or governmental or legal entity.

4. The term "expert" shall have the same meaning as that set forth in Federal Rule of Civil Procedure 26.

5. The term "document" as used herein means, by way of example and without limitations, the originals or true copies of the following items in your possession, custody, or control, or known to you or your counsel, whether printed, computerized, microfilmed, videotaped, recorded or reproduced by any other mechanical process or medium of expression, or written or produced by hand and whether or not claimed to be privileged, confidential, or personal; the final versions and all prior drafts of contracts, agreements, notes (including secretarial notes); notebooks, work notes, work papers, communications (including intra-departmental communications and inter-company communications); correspondence, statements, reports, telegrams, agendas, forms, memoranda, bulletins, appointment books, logs, messages, diaries, texts, manuals, reference works and materials; samples of materials, depositions; analyzes; projections, damage projections; forecasts, statistical statements; financial records, reports, charts, brochures, purchase orders, estimates, computer inputs and outputs; calculations, expert reports; compilations of data; demonstrative evidence such as physical models, sketches, charts, graphs, plans, drawings, etc.; journals, billing statements, receipts, invoices, data compilations, slides, sketches, graphics, charts, movies, videotapes; photographs, and

the negatives thereof; summaries, records or minutes of meetings or conferences, expressions of statements of policy; lists of people attending meetings or conferences, summaries, records, or reports of personal conversations or investigations; summaries, records or reports of interviews; and all other writings, and any other similar matter, now or formerly in your possession, custody, or control or that of your counsel, or of any other agent, representative, employee, bookkeeper, accountant, expert or anyone else acting on your behalf, and includes documents used to support any conclusions or opinions reached. Any marginal comments appearing on any documents and any handwritten or other notations on any copy of a document render it original, requiring production of it or a true copy of it with such notations.

6. "Relates to" or "refers to" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made.

7. "Identify" or "identity" shall mean, with respect to an individual, his name, last known residence address and last known business address.

8. "Identify" or "identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address.

9. "All" shall mean "any" and vice versa.

10. The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

11. The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request for admission all responses which might otherwise be construed to be outside the scope.

12. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

13. The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender and vice versa.

14. "Date" means the exact date, month, and year, if ascertainable, or if not, the best approximation, including chronological relationship to other events.

15. "Brittany," "your wife," or "your spouse" as used herein, refers to Brittany Young, and where applicable, her agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or under her control.

16. "Keith," or "your father" as used herein, refers to Keith Young, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or under her control.

17. "Bay Homes" as used herein, refers to Premier Builders and Design, LLC d/b/a Bay Homes, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control.

18. "RUF Developers, LLC" as used herein, refers to RUF Developers, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control.

19. "RUF LLC" as used herein, refers to RUF LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control.

20. The "Property" as used herein, means and refers to the real property located at 448 San Clemente, El Paso, Texas 79912.

# REQUESTS FOR PRODUCTION

Unless specified otherwise, all documents responsive to the following requests for the time period from the date of January 1, 2013 through January 31, 2017 are to be produced for review and inspection.

**REQUEST FOR PRODUCTION NO. 1:**

Your job file for the Property. That includes all invoices related to the construction. That includes all subcontracts related to the construction. That includes all closing documents, including the HUD-1 from the closing on the sale of the Property to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to federal and state income tax returns specifically including the Form W-2s, Form 1099s, schedules and worksheets thereof and all other papers, and memoranda referring to any adjustment made in connection therewith for the previous four (4) years (2013, 2014, 2015, and 2016). This also includes the invoices and bills which support the business expenses claimed in your tax returns.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to monies received and being presently received by you from any family member, including but not limited to salaries, wages, earnings, draws, loans, family assistance, gifts, monetary gifts, or reimbursed expenses since January 1, 2013.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating any agreement with your wife, Brittany Young, concerning marital property, separate property or the division of your income or assets during your marriage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Your homeowner's insurance policy including all riders for the years 2015 and 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

The diploma received by Travis Young from New Mexico State University reflecting his degree.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents which support your affirmative defense of accord and satisfaction.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents which support your affirmative defense of ambiguity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents which support your affirmative defense of no liability for attorney's fees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents which support your affirmative defense of illegality.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents which support your affirmative defense of impossibility of performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents which support your affirmative defense of laches.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents which support your affirmative defense of lack of mutuality.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents which support your affirmative defense of lack or failure of consideration.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents which support your affirmative defense of lack of privity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which support your affirmative defense of no meeting of the minds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents which support your affirmative defense of failure to mitigate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents which support your affirmative defense of modification.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents which support your affirmative defense of mutual mistake.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents which support your affirmative defense of novation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents which support your affirmative defense of offset.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents which support your affirmative defense of ratification.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents which support your affirmative defense of rejection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents which support your affirmative defense of repudiation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents which support your affirmative defense of rescission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents which support your affirmative defense of responsibility.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents which support your affirmative defense of statute of frauds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents which support your affirmative defense of unconscionability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents which support your affirmative defense of unilateral mistake of fact.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents which support your affirmative defense of variance and deficiency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Produce all documents which support your affirmative defense of void as against public policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents which support your affirmative defense of waiver and estoppel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents which support your affirmative defense of waiver of breach.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents which support your affirmative defense of waiver of performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents relied upon by you to provide any answer or other response to any Interrogatory propounded to you by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Produce each and every document identified in your answers to Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Produce a copy of all written communications by you with your insurance agent(s) concerning the Property or concerning any insurance acquired by you since January 1, 2013.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Produce all written communications between you and any subcontractor who assisted you with the construction of the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

Produce a copy of any written communications between you and any witness or expert witness identified by Plaintiff in her Initial Disclosures provided to you in this case. This includes all written communications by your attorney on your behalf with any witnesses or expert witnesses identified by Plaintiff in her Initial Disclosures provided in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

Produce a copy of your engagement letter or engagement agreement with your attorney in this adversary proceeding.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of all billing statements received by you from your attorney who is providing representation to you in this adversary proceeding.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42 :**

Provide a copy of all written communications by and between Defendant and his father, Keith Young, concerning the Property, the financing provided for construction of the Property, and the repayment of any loan provided by Keith Young to Defendant for the financing of the construction of the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

Produce the complete City-approved (stamped) blueprints, plans, and specifications for the home you constructed for Plaintiff located at 448 San Clemente, El Paso, Texas 79912.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

Produce all of your written communications with High Mountain Limited and/or Richard Thomas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

Produce all of your written communications with Vision Consultants and/or Kelly Sorrenson and/or Oscar Loya.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

Produce all of your written communications with AD Electric and/or Luis Gomez.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

Produce all of your written communications with Amador Martinez.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

Produce all of your written communications with Andres Diaz.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

Produce all of your written communications with Abel Vazquez.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

Produce all of your written communications with the City of El Paso and/or Jim Nuzzo, Ron Roth, or Larry Nichols, employees of the City of El Paso.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

Produce all of your written communications with Keith Young.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

Produce all of your written communications with Brock & Bustillos, Inc. or any of its employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

Produce all of your written communications with Essential Fire Protection Systems, Inc. or any of its employees and/or Randy Huffman, the President of Essential Fire Protection Systems, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Produce all of your written communications with AC Refrigeration and/or Angel Cabrera.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

Produce all of your checking account statements for any accounts in which you were a signatory from January 1, 2013 through February 29, 2014 and all checks referenced in those bank statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

Produce all of your checking account statements for your business account for January 1, 2013 through February 29, 2014 and produce copies of all checks referenced in those bank statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

Produce a copy of all of your checking account statements for your personal account for January 1, 2013 through December 24, 2013 and produce all checks referenced in those personal bank account statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all documents obtained by you or your lawyer from third parties by means of the Subpoenas issued in the bankruptcy litigation pending between you and Pamela Young which were served on the following third parties:

1.    Michelle's Ventures, Inc. d/b/a Vision Consultants;
2.    Parker Engineering, LLC f/k/a Parker Engineering, Inc.;

3.    Old Republic Surety Company;
4.    Lawrence Shashy;
5.    Conde, Inc.;
6.    City of El Paso, Development Department;
7.    Carlos Manuel Jimenez d/b/a CAD Consulting Co.;
8.    Burman Construction, LLC;
9.    Raymond W. Armendariz d/b/a Armendariz Inspection Service;
10.   Willi Holst d/b/a Action Pool Service;
11.   Cardinal Financial Company, L.P. d/b/a Sebonic Financial, L.P.; and,
12.   Entitle Insurance Company.


**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**

Produce all of your written communications with Old Republic Surety Company or any of its employees.

**RESPONSE:**

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please explain why you did not give Brock & Bustillos, Inc. or any of its employees the City of El Paso approved blueprints and engineering plans for the construction of the home on the Property and why you only provided them with the grading plans in order for them to do the site survey.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please explain why you did not follow the City approved blueprints and engineering drawings for construction of the house on the Property during its construction.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please explain why there wasn't a final inspection performed on the swimming pool that you constructed at the Property.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please explain why the roof you constructed for the home at the Property was not properly installed. In your Answer, please advise why you did not install a 3-ply underlayment system, used an improper fastening system, had inadequate penetration flashings and sealing, had inadequate ventilation, improperly installed parapet walls, and used many broken tiles.

**ANSWER:**

**INTERROGATORY NO. 5:**

For each affirmative defense that you are asserting, please identify the defense and specifically set forth all of the facts that you know about that purportedly supports such defense. Also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you believe or understand supports the defense. Identify all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, address, phone number, title, relation to the parties herein and a description of the general information within that person's knowledge that purportedly supports each such defense.

**ANSWER:**

**CERTIFICATE OF SERVICE**

I, Corey W. Haugland, hereby certify that on the _18th_ day of July, 2017 a true and correct copy of the foregoing PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES TO DEFENDANT was served on the following parties:

Michael R. Nevarez
Law Offices of Michael R. Nevarez
P.O. Box 12247
El Paso, TX 79913

_____
Corey W. Haugland

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

RECEIVED SEP 2 5 2017

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRAVIS RYAN YOUNG, | § | CASE NO. 17-30163-hcm |
| | § | CHAPTER 7 |
| Debtors. | § | |
| | § | |
| PAMELA YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 17-03009-hcm |
| | § | |
| TRAVIS RYAN YOUNG, Individually | § | |
| and d/b/a PREMIER BUILDERS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

NOW COMES TRAVIS RYAN YOUNG, Individually and d/b/a PREMIER

BUILDERS, Defendant in the above-styled and -numbered cause of action (hereinafter

referred to as "Defendant"), by and through the undersigned counsel, and hereby serves these

responses to "Plaintiff's First Requests For Production" made under Rule 34 of the Federal

Rules of Civil Procedure, made applicable herein by Rule 7034 of the Federal Rules of

Bankruptcy Procedure.

1.   **REQUEST FOR PRODUCTION NO. 1:** Your job file for the Property. That includes all invoices related to the construction. That includes all subcontracts related to the construction. That includes all closing documents, including the HUD-I from the closing on the sale of the Property to Plaintiff.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.



Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

    a.    TYoung_RFP_1_Build_Costs-000001-TYoung_RFP_1_Build_Costs-000006;

    b.    TYoung_RFP_1_HUD1-000001-TYoung_RFP_1_HUD1-000003;

    c.    Pamela_Emails-000001-Pamela_Emails-000103;

    d.    San_Clemente_Plans_Spec-000001-San_Clemente_Plans_Spec-000110;

    e.    San_Clemente_Prop_Records-000001-San_Clemente_Prop_Records-000034; and,

    f.    San_Clemente-000001-San_Clemente-000036.

2.    **REQUEST FOR PRODUCTION NO. 2:** All documents relating to federal and state income tax returns specifically including the Form W-2s, Form 1099s, schedules and worksheets thereof and all other papers, and memoranda referring to any adjustment made in connection therewith for the previous four (4) years (2013, 2014, 2015, and 2016). This also includes the invoices and bills which support the business expenses claimed in your tax returns.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm        Page 2 of 42

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pg. 7, ¶(e)).

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

    a.    TYoung_RFP_2_1040c-000001-TYoung_RFP_2_1040c-000002;

    b.    TYoung_RFP_2_1040se-000001-TYoung_RFP_2_1040se-000002;

    c.    TYoung_RFP_2_2013Return-000001-TYoung_RFP_2_2013Return-000011; and,

    d.    TYoung_RFP_2_2014Return-000001-TYoung_RFP_2_2014Return-000012.

3.    **REQUEST FOR PRODUCTION NO. 3:** All documents relating to monies received and being presently received by you from any family member, including but not limited to salaries, wages, earnings, draws, loans, family assistance, gifts, monetary gifts, or reimbursed expenses since January 1, 2013.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm    Page 3 of 42

the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pg. 7, ¶(h)).

4.    <u>**REQUEST FOR PRODUCTION NO. 4:**</u> All documents relating any agreement with your wife, Brittany Young, concerning marital property, separate property or the division of your income or assets during your marriage.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    <u>**REQUEST FOR PRODUCTION NO. 5:**</u> Your homeowner's insurance policy including all riders for the years 2015 and 2016.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 4 of 42

obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 7-9, ¶¶(i), (p), (z)).

6. **REQUEST FOR PRODUCTION NO. 6:** The diploma received by Travis Young from New Mexico State University reflecting his degree.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7. **REQUEST FOR PRODUCTION NO. 7:** Produce all documents which support your affirmative defense of accord and satisfaction.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 5 of 42

a mutually agreeable date, time, and place:

a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

8.    **REQUEST FOR PRODUCTION NO. 8:** Produce all documents which support your affirmative defense of ambiguity.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.    For additional documents supporting each affirmative defense, Defendant hereby

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 6 of 42

incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

    c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

9.    **REQUEST FOR PRODUCTION NO. 9:** Produce all documents which support your affirmative defense of no liability for attorney's fees.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

    a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company,* 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

    b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

    c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

10.    **REQUEST FOR PRODUCTION NO. 10:** Produce all documents which support your affirmative defense of illegality.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm        Page 7 of 42

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

11.    **REQUEST FOR PRODUCTION NO. 11:** Produce all documents which support your affirmative defense of impossibility of performance.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm           Page 8 of 42

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El.Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

12.  **REQUEST FOR PRODUCTION NO. 12:** Produce all documents which support your affirmative defense of laches.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young,*

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 9 of 42

*Individually and d/b/a Premier Builders and Old Republic Surety Company,*
327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709.
Defendant hereby incorporates by reference all filings and documents produced in
said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby
incorporates by reference all documents produced on August 1, 2017, as
Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby
incorporates by reference all documents produced during the Rule 2004
Examination of Defendant.

13. **REQUEST FOR PRODUCTION NO. 13:** Produce all documents which support your
affirmative defense of lack of mutuality.

**RESPONSE:** Defendant objects on the basis and to the extent that the information
requested is ambiguous, vague, and is possibly already in the possession of Plaintiff,
would thus be unduly burdensome for Defendant to have to produce same, and the
benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is
obtainable from some other source that is more convenient, less burdensome, or less
expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent
that said documents may exist and have not already been produced, Defendant will
provide Plaintiff the opportunity to locate, examine, and copy the following documents at
a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents
produced in the Texas state court proceeding, *Pamela Young v. Travis Young,
Individually and d/b/a Premier Builders and Old Republic Surety Company,*
327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709.
Defendant hereby incorporates by reference all filings and documents produced in
said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby
incorporates by reference all documents produced on August 1, 2017, as
Plaintiff's responses to Defendant's First Set of Request for Production.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 10 of 42

c. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

14. **REQUEST FOR PRODUCTION NO. 14:** Produce all documents which support your affirmative defense of lack or failure of consideration.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a. For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

15. **REQUEST FOR PRODUCTION NO. 15:** Produce all documents which support your affirmative defense of lack of privity.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 11 of 42

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.   For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

16.   **REQUEST FOR PRODUCTION NO. 16:** Produce all documents which support your affirmative defense of no meeting of the minds.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 12 of 42

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.   For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.   For the identification of all documents supporting each affirmative defense, which may not have been produced in the Texas state court proceeding, see "Defendant's Responses To Plaintiff's First Requests For Production", Request Nos. 7-34.

c.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

17.   **REQUEST FOR PRODUCTION NO. 17:** Produce all documents which support your affirmative defense of failure to mitigate.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.   For documents supporting each affirmative defense, see all filings and documents

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 13 of 42

produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

18.   **REQUEST FOR PRODUCTION NO. 18:** Produce all documents which support your affirmative defense of modification.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.   For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hem                    Page 14 of 42

Plaintiff's responses to Defendant's First Set of Request for Production.

c.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

19.    **REQUEST FOR PRODUCTION NO. 19:** Produce all documents which support your affirmative defense of mutual mistake.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.      For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

20.    **REQUEST FOR PRODUCTION NO. 20:** Produce all documents which support your

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 15 of 42

affirmative defense of novation.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

21.    **REQUEST FOR PRODUCTION NO. 21:** Produce all documents which support your affirmative defense of offset.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm           Page 16 of 42

obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a. For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

22. **REQUEST FOR PRODUCTION NO. 22:** Produce all documents which support your affirmative defense of ratification.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 17 of 42

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

23.  **REQUEST FOR PRODUCTION NO. 23:** Produce all documents which support your affirmative defense of rejection.

   **RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

   Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

   Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 18 of 42

incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

24.      **REQUEST FOR PRODUCTION NO. 24:** Produce all documents which support your affirmative defense of repudiation.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.      For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.      For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm          Page 19 of 42

25.  **REQUEST FOR PRODUCTION NO. 25:** Produce all documents which support your affirmative defense of rescission.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.   For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.   For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

26.  **REQUEST FOR PRODUCTION NO. 26:** Produce all documents which support your affirmative defense of responsibility.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 20 of 42

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

27.  **REQUEST FOR PRODUCTION NO. 27:** Produce all documents which support your affirmative defense of statute of frauds.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 21 of 42

a. For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

28. **REQUEST FOR PRODUCTION NO. 28:** Produce all documents which support your affirmative defense of unconscionability.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a. For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b. For additional documents supporting each affirmative defense, Defendant hereby

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 22 of 42

incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

29.    **REQUEST FOR PRODUCTION NO. 29:** Produce all documents which support your affirmative defense of unilateral mistake of fact.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 23 of 42

30. **REQUEST FOR PRODUCTION NO. 30:** Produce all documents which support your affirmative defense of variance and deficiency.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a. For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c. For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.


31. **REQUEST FOR PRODUCTION NO. 31:** Produce all documents which support your affirmative defense of void as against public policy.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm

Page 24 of 42

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

    a.    For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

    b.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

    c.    For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

32.    **REQUEST FOR PRODUCTION NO. 32:** Produce all documents which support your affirmative defense of waiver and estoppel.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm        Page 25 of 42

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

33.  **REQUEST FOR PRODUCTION NO. 33:** Produce all documents which support your affirmative defense of waiver of breach.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 26 of 42

incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

34.  **REQUEST FOR PRODUCTION NO. 34:** Produce all documents which support your affirmative defense of waiver of performance.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the following documents at a mutually agreeable date, time, and place:

a.  For documents supporting each affirmative defense, see all filings and documents produced in the Texas state court proceeding, *Pamela Young v. Travis Young, Individually and d/b/a Premier Builders and Old Republic Surety Company*, 327th Judicial District, El Paso County, Texas, Cause Number 2015-DCV-0709. Defendant hereby incorporates by reference all filings and documents produced in said Texas state court proceeding.

b.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced on August 1, 2017, as Plaintiff's responses to Defendant's First Set of Request for Production.

c.  For additional documents supporting each affirmative defense, Defendant hereby incorporates by reference all documents produced during the Rule 2004 Examination of Defendant.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 27 of 42

35. **REQUEST FOR PRODUCTION NO. 35:** Produce all documents relied upon by you to provide any answer or other response to any Interrogatory propounded to you by Plaintiff.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the documents at a mutually agreeable date, time, and place.

36. **REQUEST FOR PRODUCTION NO. 36:** Produce each and every document identified in your answers to Interrogatories.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the documents at a mutually agreeable date, time, and place.

37. **REQUEST FOR PRODUCTION NO. 37:** Produce a copy of all written communications by you with your insurance agent(s) concerning the Property or concerning any insurance acquired by you since January 1, 2013.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                     Page 28 of 42

RESPONSE: Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the documents at a mutually agreeable date, time, and place.

38. **REQUEST FOR PRODUCTION NO. 38:** Produce all written communications between you and any subcontractor who assisted you with the construction of the Property.

RESPONSE: Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 7, 9, ¶¶(k), (cc)).

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

39. **REQUEST FOR PRODUCTION NO. 39:** Produce a copy of any written communications between you and any witness or expert witness identified by Plaintiff in her Initial Disclosures provided to you in this case. This includes all written communications by your attorney on your behalf with any witnesses or expert witnesses

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 29 of 42

identified by Plaintiff in her Initial Disclosures provided in this case.

**RESPONSE:** Defendant objects on the basis and to the extent that the document(s) requested are exempt and protected from disclosure, under Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026, by the attorney-client and work product privileges. A privilege log in accordance with Fed. R. Civ. P. 26(b)(5) is attached hereto.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

    a.    Pamela_Emails-000001-Pamela_Emails-000103;

    b.    San_Clemente-000001-San_Clemente-000036;

    c.    Entitle Subpoena-000001-Entitle Subpoena-000107;

    d.    Subpoena-Action_Pools-000001-Subpoena-Action_Pools-000009;

    e.    Subpoena-ARC-000001-Subpoena-ARC-000002;

    f.    Subpoena-CAD-000001-Subpoena-CAD-000002;

    g.    Subpoena-Cardinal-000001-Subpoena-Cardinal-000037;

    h.    Subpoena-Conde-000001-Subpoena-Conde-000044;

    i.    Subpoena-Shashy-000001-Subpoena-Shashy-000024;

    j.    Subpoena-Vision_Consultants-000001-Subpoena-Vision_Consultants-000165; and,

    k.    The attached CD from Conde, Inc.

40.    **REQUEST FOR PRODUCTION NO. 40:** Produce a copy of your engagement letter or

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm    Page 30 of 42

engagement agreement with your attorney in this adversary proceeding.

**RESPONSE:** Defendant objects on the basis and to the extent that the document(s) requested are exempt and protected from disclosure, under Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026, by the attorney-client and work product privileges. A privilege log in accordance with Fed. R. Civ. P. 26(b)(5) is attached hereto.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the documents at a mutually agreeable date, time, and place.

41. **REQUEST FOR PRODUCTION NO. 41:** Produce a copy of all billing statements received by you from your attorney who is providing representation to you in this adversary proceeding.

**RESPONSE:** Defendant objects on the basis and to the extent that the document(s) requested are exempt and protected from disclosure, under Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026, by the attorney-client and work product privileges. A privilege log in accordance with Fed. R. Civ. P. 26(b)(5) is attached hereto.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 31 of 42

that said documents may exist and have not already been produced, Defendant will
provide Plaintiff the opportunity to locate, examine, and copy the documents at a
mutually agreeable date, time, and place.

42. **REQUEST FOR PRODUCTION NO. 42:** Provide a copy of all written
communications by and between Defendant and his father, Keith Young, concerning the
Property, the financing provided for construction of the Property, and the repayment of
any loan provided by Keith Young to Defendant for the financing of the construction of
the Property.

**RESPONSE:** Defendant objects on the basis and to the extent that the information
requested is ambiguous, vague, and is possibly already in the possession of Plaintiff,
would thus be unduly burdensome for Defendant to have to produce same, and the
benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is
obtainable from some other source that is more convenient, less burdensome, or less
expensive. Specifically, Defendant already produced said document(s) in response to a
request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in
the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-
hcm, DOC# 12, Pgs. 8-10, ¶¶(q), (t), (dd), (ee), (nn)).

Subject to, and without waiving, the foregoing objections and privileges, and to the extent
that said documents may exist and have not already been produced, Defendant provides
Plaintiff with copies of the following documents:

    a.    TYoung_RFP_42_Montoya_Budget-000001-
            TYoung_RFP_42_Montoya_Budget-000004;

    b.    TYoung_RFP_42_Premier_Ledger-000001-
            TYoung_RFP_42_Premier_Ledger-000020; and,

    c.    TYoung_RFP_42_Silver_Star_Budget-000001-
            TYoung_RFP_42_Silver_Star_Budget-000010.

43. **REQUEST FOR PRODUCTION NO. 43:** Produce the complete City-approved
(stamped) blueprints, plans, and specifications for the home you constructed for Plaintiff
located at 448 San Clemente, El Paso, Texas 79912.

**RESPONSE:** Defendant objects on the basis and to the extent that the information

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm        Page 32 of 42

requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

      a.    San_Clemente_Plans_Spec-000001-San_Clemente_Plans_Spec-000110.

44. **REQUEST FOR PRODUCTION NO. 44:** Produce all of your written communications with High Mountain Limited and/or Richard Thomas.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant will provide Plaintiff the opportunity to locate, examine, and copy the documents at a mutually agreeable date, time, and place.

45. **REQUEST FOR PRODUCTION NO. 45:** Produce all of your written communications with Vision Consultants and/or Kelly Sorrenson and/or Oscar Loya.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm          Page 33 of 42

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

      a.     Subpoena-Vision_Consultants-000001-Subpoena-Vision_Consultants-000165.

46.    **REQUEST FOR PRODUCTION NO. 46:** Produce all of your written communications with AD Electric and/or Luis Gomez.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

47.    **REQUEST FOR PRODUCTION NO. 47:** Produce all of your written communications with Amador Martinez.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm
Page 34 of 42

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

48. **REQUEST FOR PRODUCTION NO. 48:** Produce all of your written communications with Andres Diaz.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

49. **REQUEST FOR PRODUCTION NO. 49:** Produce all of your written communications with Abel Vazquez.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

50. **REQUEST FOR PRODUCTION NO. 50:** Produce all of your written communications

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 35 of 42

with the City of El Paso and/or Jim Nuzzo, Ron Roth, or Larry Nichols, employees of the City of El Paso.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

51. <u>**REQUEST FOR PRODUCTION NO. 51:**</u> Produce all of your written communications with Keith Young.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 8-10, ¶¶(q), (t), (dd), (ee), (nn)).

Subject to, and without waiving, the foregoing objections and privileges, Defendant states

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 36 of 42

that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

52. **REQUEST FOR PRODUCTION NO. 52:** Produce all of your written communications with Brock & Bustillos, Inc. or any of its employees.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, and to the extent that said documents may exist and have not already been produced, Defendant provides Plaintiff with copies of the following documents:

    a.    TYoung_RFP_52-000001-TYoung_RFP_52-000008.

53. **REQUEST FOR PRODUCTION NO. 53:** Produce all of your written communications with Essential Fire Protection Systems, Inc. or any of its employees and/or Randy Huffman, the President of Essential Fire Protection Systems, Inc.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm              Page 37 of 42

54. **REQUEST FOR PRODUCTION NO. 54:** Produce all of your written communications with AC Refrigeration and/or Angel Cabrera.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

55. **REQUEST FOR PRODUCTION NO. 55:** Produce all of your checking account statements for any accounts in which you were a signatory from January 1, 2013 through February 29, 2014 and all checks referenced in those bank statements.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 6, 9, ¶¶(b), (w)).

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 38 of 42

56. **REQUEST FOR PRODUCTION NO. 56:** Produce all of your checking account statements for your business account for January 1, 2013 through February 29, 2014 and produce copies of all checks referenced in those bank statements.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 6, 9-10, ¶¶(b), (w), (cc), (rr)).

57. **REQUEST FOR PRODUCTION NO. 57:** Produce a copy of all of your checking account statements for your personal account for January 1, 2013 through December 24, 2013 and produce all checks referenced in those personal bank account statements.

**RESPONSE:** Objection is made to the production request to the extent the proposed discovery is not relevant to the subject matter of the suit, and will not lead to the discovery of admissible evidence, regarding Plaintiff's Complaint filed in this adversary proceeding, objecting to the Dischargeability Of Debt Under 11 U.S.C. § 523. Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. The proposed discovery goes beyond the subject matter of the case and reasonable expectations that obtaining information will aid resolution of the dispute.

Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 39 of 42

unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, Defendant already produced said document(s) in response to a request for documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure in the Chapter 7 bankruptcy case to which this Adversary Proceeding relates. (17-30163-hcm, DOC# 12, Pgs. 6, 9, ¶¶(b), (w)).

58.  **REQUEST FOR PRODUCTION NO. 57 [sic]:** Produce all documents obtained by you or your lawyer from third parties by means of the Subpoenas issued in the bankruptcy litigation pending between you and Pamela Young which were served on the following third parties:

1.  Michelle's Ventures, Inc. d/b/a Vision Consultants;
2.  Parker Engineering, LLC f/k/a Parker Engineering, Inc.;
3.  Old Republic Surety Company;
4.  Lawrence Shashy;
5.  Conde, Inc.;
6.  City of El Paso, Development Department;
7.  Carlos Manuel Jimenez d/b/a CAD Consulting Co.;
8.  Burman Construction, LLC;
9.  Raymond W. Armendariz d/b/a Armendariz Inspection Service;
10. Willi Holst d/b/a Action Pool Service;
11. Cardinal Financial Company, L.P. d/b/a Sebonic Financial, L.P.; and,
12. Entitle Insurance Company.

RESPONSE: Defendant provides Plaintiff with copies of the following documents:

a.  Entitle Subpoena-000001-Entitle Subpoena-000107;

b.  Subpoena-Action_Pools-000001-Subpoena-Action_Pools-000009;

c.  Subpoena-ARC-000001-Subpoena-ARC-000002;

d.  Subpoena-CAD-000001-Subpoena-CAD-000002;

e.  Subpoena-Cardinal-000001-Subpoena-Cardinal-000037;

f.  Subpoena-Conde-000001-Subpoena-Conde-000044;

g.  Subpoena-Shashy-000001-Subpoena-Shashy-000024;

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                    Page 40 of 42

h.     Subpoena-Vision_Consultants-000001-Subpoena-Vision_Consultants-000165; and,

i.     The attached CD from Conde, Inc.

59.   **REQUEST FOR PRODUCTION NO. 58:** Produce all of your written communications with Old Republic Surety Company or any of its employees.

**RESPONSE:** Defendant objects on the basis and to the extent that the information requested is ambiguous, vague, and is possibly already in the possession of Plaintiff, would thus be unduly burdensome for Defendant to have to produce same, and the benefit of obtaining such information would likely be outweighed by the cost.

Objection is made to the production request to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to, and without waiving, the foregoing objections and privileges, Defendant states that, after a thorough search, Defendant was unable to locate any documents responsive to this Request.

September 25, 2017               Respectfully submitted,

THE NEVAREZ LAW FIRM, PC
Attorneys And Counselors At Law
P.O. Box 12247
El Paso, Texas 79913
Telephone: (915) 584-8000
Facsimiles: (915) 584-8024


/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400

Attorney for Defendant

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm            Page 41 of 42

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**, with all supporting attachments, exhibits, and affidavits thereto, if any, was served by regular first-class mail, postage prepaid, and/or by eFiling via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this September 25, 2017:

**COUNSEL FOR PLAINTIFF:**
Corey W. Haugland
James & Haugland, P.C.
P.O. Box 1770
El Paso, Texas 79949
Facsimile: (915) 541-6440
Email: chaugland@jghpc.com


/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Defendant's Responses To Plaintiff's First Requests For Production
*Pamela Young v. Travis Ryan Young, individually and d/b/a Premier Builders*
USBC-WDTX, El Paso Division, Adversary Number 17-03009-hcm                          Page 42 of 42



**IT IS HEREBY ADJUDGED and DECREED that the
below described is SO ORDERED.**

**Dated: December 12, 2017.**

_H Crott_
_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRAVIS RYAN YOUNG | § | Case No. 17-30163-HCM |
| Debtor. | § | |
| | § | |
| PAMELA W. YOUNG | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 17-03009-HCM |
| | § | |
| TRAVIS RYAN YOUNG | § | |
| Defendant. | § | |

### ORDER REGARDING MOTION TO
### COMPEL, CIVIL CONTEMPT, AND SANCTIONS (TRAVIS YOUNG)

On December 12, 2017, the Court conducted a hearing on the Motion to Compel, for Order of Civil Contempt, and for Sanctions Against Travis Ryan Young ("Motion") (dkt# 102) filed by Pamela Young ("Plaintiff"). Mr. Travis Young ("Defendant") and Mr. Carlos Miranda, as counsel for Defendant, appeared at the hearing. Mr. Corey Haugland, as counsel for Plaintiff, also appeared at the hearing.

Through the Motion, Plaintiff seeks to compel Defendant to produce certain documents requested in Plaintiff's First Request for Production served on Defendant on July 18, 2017 ("Document Request"). Plaintiff also seeks to hold Defendant in civil contempt, and sanctions for non-compliance with the Document Request. The Court has considered the Motion, the Document Request, the Defendant's Responses to the



**EXHIBIT**

P-5

1

Document Request dated September 25, 2017, and the statements and arguments of counsel. The Court finds that the following Order should be entered on the Motion.

**IT IS THERFORE ORDERED AND NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1.    The Motion to Compel, for Order of Civil Contempt, and for Sanctions Against Travis Young ("Motion")(dkt #102) filed by Pamela Young ("Plaintiff") is hereby GRANTED to the extent set forth below.

2.    By December 27, 2017, Mr. Travis Young shall produce for inspection and photocopying to Plaintiff's counsel, the following documents sought in the Document Request which are within Mr. Travis Young's possession, custody, or control: Document Request Nos. 1, 2, 3, 4, 5, 6, 35, 36, 37, 38, 39, 40, 41, 42, 43, 55, 56, 57(1), and 57(2).

3.    By December 29, 2017, Mr. Travis Young shall also provide Plaintiff's counsel with a sworn written Response to the Document Request, which shall set forth, by each specific Document Request Nos. 1, 2, 3, 4, 5, 6, 35, 36, 37, 38, 39, 40, 41, 42, 43, 55, 56, 57(1), and 57(2): (a) the responsive documents actually produced by Mr. Travis Young to Plaintiff's counsel; and (b) which requested documents could not be produced to Plaintiff's counsel because the documents do not exist. Mr. Travis Young may not respond to the Document Request by stating that the documents have been or will be produced by some other person.

4.    If by December 27, 2017, Mr. Travis Young fails to produce the documents required by this Order, or if by December 29, 2017, Mr. Travis Young fails to provide the sworn Response to the Document Request required by this Order, then Mr. Travis Young will be in civil contempt of Court. In such event, Plaintiff will also be entitled to seek additional and further relief and sanctions from the Court against Mr. Travis Young, including without limitation, denial of Mr. Travis Young's bankruptcy discharge under 11 U.S.C. § 727(a)(6)(A).

5.    Mr. Carlos Miranda, as counsel for Mr. Travis Young, shall cause a copy of this Order to be served upon Mr. Travis Young.

6.    Any relief requested in the Motion which is not expressly granted in this Order is hereby DENIED without prejudice.


# # #

Travis Young's Request for Production

Dated: December 27th, 2017


## Documents Produced

Request for Production No. 1:

-Same Build cost spreadsheet he sent before, however he put in two of them.  Added $6,450 for the interest he paid his Father.

-Same ledger as before

-HUD-1 for 448 San Clemente which he already produced

-Closing disclosure for 356 Silver Star Dr. property.  I am not sure why this was produced?

Request for Production No. 2:

-Travis R Young: Federal income tax returns for 2013, 2014, and 2015.  All three years included Form 1040, Schedule C, and Schedule SE.  His 2015 and 2016 tax returns are questionable since they are not signed and do not look like they were submitted to the IRS.  They might not be the tax returns that were turned in to the IRS.  I think we need to request the tax returns shown to be submitted to the IRS.

-Form 1099s for 2012, 2013, 2014 (sent 2 of the same document), 2015, part of 2016 (missing pages)

Request for Production No. 3:

Produced 27 checks from Keith and Lisa Young to Travis Young, dated from 1/8/2013 to 1/10/2016.  They all state "Construction Advance", not all indicate the property.  The properties that were listed were San Clemente, Silver Star, and Montoya.  One check was written and signed by Lisa Young, Travis's Mother.

Request for Production No. 6:

Produced a diploma from New Mexico State University for a Bachelor of Science in Engineering Technology/Civil Engineering Technology.  He claimed during the deposition that he had a degree in Civil Engineering.  The technology degrees are not as difficult in regard to math classes and the difficult engineering classes.  It's basically a watered down version of an engineering degree.

Request for Production No. 38:

-Produced an invoice from Essential Fire Protection Systems, a proposal from AD Electric and a letter from his attorney to Abel Vasquez.

Request for Production No. 40:

Produced 2 Attorney retainer agreements, from Nevarez dated 5/10/17 and Miranda dated 10/15/17.

Request for Production No. 41:



EXHIBIT

P-6

Produced a billing statement from Neveraz dated 10/6/17.

Request for Production No. 42:

Produced 6 email, three of the email I already have since I was included. Referenced to see RFP 1 as well.

Request for Production No. 45:

Produced email between Vision Consultant and Kelly Sorrenson

Request for Production No. 46:

Produced the same Proposal from AD Electric shown in RFP 38

Request for Production No. 50:

Produced email the same email from RFP 45.

Request for Production No. 51:

Produced same email from RFP 42.

Request for Production No. 52:

Produced email from Sergio Adame.

Request for Production No. 53:

Produced same invoice from Essential Fire as RFP38

Request for Production No. 58:

He produced email from his ex-attorney. I really think there are more that he is not producing.

## Documents Not Produced:

Request for Production No. 1:

-Missing Job files

-Missing receipts and invoices were included

-Missing subcontractors contracts

Request for Production No. 2:

-Missing invoices and bills that support the business expenses claimed in his tax return.

Request for Production No. 3:

He did not produce the $3,000 per month "family assistance" that he claims on his bankruptcy schedule. There were no salaries, wages, earnings, loans, gifts, monetary gifts or reimbursed expenses that were produced.

Request for Production No. 4:

Did not produce a marital property agreement of any kind.

Request for Production No. 5:

Did not produce a homeowner's insurance policy

Request for Production No. 7-34:

Did not produce anything but responded, "No response necessary at this time."

Request for Production No. 35-36:

Did not produce anything but responded, "To be supplemented".

Request for Production No. 37

Did not produce any written communication with his insurance agent.

Request for Production No. 38:

Did not produce any contracts, billing, email or text messages between him and his subcontractors regarding my property.

Request for Production No. 39:

Did not produce anything but responded, "To be supplemented".

Request for Production No. 42:

Did not produce all email, only 6 email were produced but nothing regarding financing and repayment of loan. He did not produce any text messages between him and his Father regarding my property. There is an email he sent his Father on 12/17/13 but he did not include the attachment that was in the email.

Request for Production No. 43:

Did not produce the City approved blueprints, plans and specifications of the property.

Request for Production No. 44:

Did not produce any written communications between him and Richard Thomas and/or High Mountain Limited. Travis purchased my lot and the 3 other lots in San Clemente Estates from him.

Request for Production No. 45:

Did not produce text messages

Request for Production No. 46:

Did not produce text messages

Request for Production No. 47:

Did not produce anything from Amador Martinez. Did not produce contract, all bills, email or text messages.

Request for Production No. 48:

Did not produce anything from Andres Diaz. Did not produce contract, all bills, email or text messages.

Request for Production No. 49:

Did not produce anything from Abel Vasquez with the exception of a letter sent to Abel by his attorney. Did not produce contract, all bills, email or text messages.

Request for Production No. 50:

He produced email, but if you read the email it appears there are more email that he did not produce.

Request for Production No. 51:

Did not produce all email and there were no text messages. He did not produce his ledger for loans or correspondence concerning his loans.

Request for Production No. 52:

Did not produce email concerning the site visit and proposal for the repair of my home in State court. He also did not produce email concerning my rock walls since Travis wanted him to become the Engineering of Record and had to sign off on my rock walls for the grading permit.

Request for Production No. 53:

Did not produce contract, all bills, email or text messages.

Request for Production No. 54:

Did not produce any bills, invoices, contract, email or text messages.

Request for Production No. 55-57:

Stated "none". This RFP is to produce bank statements from when my house was built from Jan 1, 2013 – Feb 29, 2014. I have 2 checks that I wrote Travis during this time frame and both were processed through his business account at Bank of America.

Request for Production No. 57 (duplicate number):

Did not produce any documents from all 12 subpoenas. We are still missing Parker Engineering, Old Republic Surety Company, City of El Paso, Development Department, and Armendariz Inspection Service.

Request for Production No. 58:

He produced email from his ex-attorney. I really think there are more that he is not producing since he was trying not to have his bond paid out.

312081034 - El Paso Area Teachers FCU

Monday, June 5, 2017 11:55 AM CT

| Capture Date | Sequence # | Check # | Member # | HiLo | Amount | Return Reason | Return Date |
|---|---|---|---|---|---|---|---|
| 5/23/2013 | 73019562 | 3951 | 2687280 | | $15,000.00 | | |

**PAMELA M. YOUNG**
6057 LOS SIGLOS DRIVE
EL PASO, TX 79912
PH: 915-833-5880

3951

88-8103/3120

5/20/13
Date

Pay to the
Order of _Travis Young DBA Premier_ | $ 15,000

_fifteen thousand + NO/100_ Builders
Dollars

**TFCU.**
12020 Rojas Drive
El Paso, Texas 79936
www.tfcu.coop

For _Down Payment_

Pam Young

⑆312081034⑆ ⑈000 2687280⑈ 03951 ⑆000 1500000⑆

Credited To The Account Of
The Within Named Payee
Endorsement Guaranteed
Bank of America, N.A.

7073    0

Bank of America
N.A. CA
1-8-XX-13

BANK OF AMERICA, NA DAL
51194MM034-E5268 94 665
05/22/13

8830722377

MAY 22 13

312081034 - El Paso Area Teachers FCU

Monday, June 5, 2017 11:56 AM CT

| Capture Date | Sequence # | Check # | Member # | HiLo | Amount | Return Reason | Return Date |
|---|---|---|---|---|---|---|---|
| 11/13/2013 | 75764264 | 3964 | 2687280 | | $15,000.00 | | |

**PAMELA M. YOUNG**
6057 LOS SIGLOS DRIVE
EL PASO, TX 79912
PH: 915-833-5880

3964

11/9/13

Date

Pay to the Order of _Travis Young DBA Premier Builders_ | $ 15,000

_fifteen thousand + NO/100_ Dollars

**TFCU**
12020 Rojas Drive
El Paso, Texas 79936
www.tfcu.coop

For _Down payment_

Pam Young

⑈312081034⑈ ⑈000 2687280⑈ 03964 ⑈000 1500000⑈

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRAVIS YOUNG,** | ) | |
| | ) | |
| Debtor. | ) | **Bankruptcy Case No. 17-30163-HCM** |
| _____ | ) | **Chapter 7** |
| | ) | |
| **PAMELA YOUNG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Case No. 17-03009** |
| | ) | |
| **TRAVIS YOUNG, Individually and** | ) | |
| **d/b/a PREMIER BUILDERS,** | ) | |
| | ) | |
| Defendant. | ) | |

## TRAVIS YOUNG'S SWORN RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION

COMES NOW Travis Young, Defendant herein, through his attorneys of record

MIRANDA & MALDONADO, P.C., and hereby submits the following *Sworn Responses to*

*Plaintiff's First and Second Requests for Production*:

**REQUEST FOR PRODUCTION NO. 1:**

Your job file for the Property. That includes all invoices related to the construction. That includes all subcontracts related to the construction. That includes all closing documents, including the HUD-1 from the closing on the sale of the Property to Plaintiff.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to federal and state income tax returns specifically including the Form W-2s, Form 1099s, schedules and worksheets thereof and all other papers, and memoranda referring to any adjustment made in connection therewith for the previous four (4) years (2013, 2014, 2015, and 2016). This also includes the invoices and bills which support the business expenses claimed in your tax returns.

**EXHIBIT**

P-7

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to monies received and being presently received by you from any family member, including but not limited to salaries, wages, earnings, draws, loans, family assistance, gifts, monetary gifts, or reimbursed expenses since January 1, 2013.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any agreement with your wife, Brittany Young, concerning marital property, separate property or the division of your income or assets during your marriage.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 5:**

Your homeowner's insurance policy including all riders for the years 2015 and 2016.

**RESPONSE: None for 2015. None for 2016.**

**REQUEST FOR PRODUCTION NO. 6:**

The diploma received by Travis Young from New Mexico State University reflecting his degree.

**RESPONSE: Please see attached.**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents which support your affirmative defense of accord and satisfaction.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents which support your affirmative defense of ambiguity.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents which support your affirmative defense of no liability for attorney's fees.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents which support your affirmative defense of illegality.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents which support your affirmative defense of impossibility of performance.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents which support your affirmative defense of laches.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents which support your affirmative defense of lack of mutuality.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents which support your affirmative defense of lack or failure of consideration.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents which support your affirmative defense of lack of privity.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which support your affirmative defense of no meeting of the minds.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents which support your affirmative defense of failure to mitigate.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents which support your affirmative defense of modification.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents which support your affirmative defense of mutual mistake.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents which support your affirmative defense of novation.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents which support your affirmative defense of offset.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents which support your affirmative defense of ratification.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents which support your affirmative defense of rejection.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents which support your affirmative defense of repudiation.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents which support your affirmative defense of rescission.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents which support your affirmative defense of responsibility.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents which support your affirmative defense of statute of frauds.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents which support your affirmative defense of unconscionability.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents which support your affirmative defense of unilateral mistake of fact.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents which support your affirmative defense of variance and deficiency.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 31:**

Produce all documents which support your affirmative defense of void as against public policy.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents which support your affirmative defense of waiver and estoppel.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents which support your affirmative defense of waiver of breach.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents which support your affirmative defense of waiver of performance.

**RESPONSE: No response necessary at this time.**

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents relied upon by you to provide any answer or other response to any *Interrogatory* propounded to you by Plaintiff.

**RESPONSE: To be supplemented.**

**REQUEST FOR PRODUCTION NO. 36:**

Produce each and every document identified in your answers to *Interrogatories*.

**RESPONSE: To be supplemented.**

**REQUEST FOR PRODUCTION NO. 37:**

Produce a copy of all written communications by you with your insurance agent(s) concerning the Property or concerning any insurance acquired by you since January 1, 2013.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 38:**

Produce all written communications between you and any subcontractor who assisted you with the construction of the Property.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 39:**

Produce a copy of any written communications between you and any witness or expert witness identified by Plaintiff in her Initial Disclosures provided to you in this case. This includes all

written communications by your attorney on your behalf with any witnesses or expert witnesses identified by Plaintiff in her Initial Disclosures provided in this case.

**RESPONSE: To be supplemented.**

**REQUEST FOR PRODUCTION NO. 40:**

Produce a copy of your engagement letter or engagement agreement with your attorney in this adversary proceeding.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of all billing statements received by you from your attorney who is providing representation to you in this adversary proceeding.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 42:**

Provide a copy of all written communications by and between Defendant and his father, Keith Young, concerning the Property, the financing provided for construction of the Property, and the repayment of any loan provided by Keith Young to Defendant for the financing of the construction of the Property.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**Also see *Response* to RFP No. 1.**

**REQUEST FOR PRODUCTION NO. 43:**

Produce the complete City-approved (stamped) blueprints, plans, and specifications for the home you constructed for Plaintiff located at 448 San Clemente, El Paso, Texas 79912.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 44 (and Second Request for Production No. 1):**

Produce all of your written communications with High Mountain Limited and/or Richard Thomas.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 45 (and Second Request for Production No. 2):**

Produce all of your written communications with Vision Consultants and/or Kelly Sorrenson and/or Oscar Loya.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 46 (and Second Request for Production No. 3):**

Produce all of your written communications with AD Electric and/or Luis Gomez.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 47 (and Second Request for Production No. 4):**

Produce all of your written communications with Amador Martinez.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 48 (and Second Request for Production No. 5):**

Produce all of your written communications with Andres Diaz.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 49 (and Second Request for Production No. 6):**

Produce all of your written communications with Abel Vazquez.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 50 (and Second Request for Production No. 7):**

Produce all of your written communications with the City of El Paso and/or Jim Nuzzo, Ron Roth, or Lany Nichols, employees of the City of El Paso.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 51 (and Second Request for Production No. 8):**

Produce all of your written communications with Keith Young.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**Also see *Response* to RFP No. 1.**

**REQUEST FOR PRODUCTION NO. 52 (and Second Request for Production No. 9):**

Produce all of your written communications with Brock & Bustillos, Inc. or any of its employees.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 53 (and Second Request for Production No. 10):**

Produce all of your written communications with Essential Fire Protection Systems, Inc. or any of its employees and/or Randy Huffman, the President of Essential Fire Protection Systems, Inc.

**RESPONSE: See attached for what is in my possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 54 (and Second Request for Production No. 11):**

Produce all of your written communications with AC Refrigeration and/or Angel Cabrera.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 55:**

Produce all of your checking account statements for any accounts in which you were a signatory from January 1, 2013 through February 29, 2014 and all checks referenced in those bank statements.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 56:**

Produce all of your checking account statements for your business account for January I, 2013 through February 29, 2014 and produce copies of all checks referenced in those bank statements.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 57:**

Produce a copy of all of your checking account statements for your personal account for January 1, 2013 through December 24, 2013 and produce all checks referenced in those personal bank account statements.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all documents obtained by you or your lawyer from third parties by means of the Subpoenas issued in the bankruptcy litigation pending between you and Pamela Young which were served on the following third parties:

1.   Michelle's Ventures, Inc. d/b/a Vision Consultants;
2.   Parker Engineering, LLC f/k/a Parker Engineering, Inc.;
3.   Old Republic Surety Company;
4.   Lawrence Shashy;
5.   Conde, Inc.;
6.   City of El Paso, Development Department;
7.   Carlos Manuel Jimenez d/b/a CAD Consulting Co.;
8.   Burman Construction, LLC;
9.   Raymond W. Armendariz d/b/a Armendariz Inspection Service;
10.  Willi Holst d/b/a Action Pool Service;
11.  Cardinal Financial Company, L.P. d/b/a Sebonic Financial, L.P.; and,
12.  Entitle Insurance Company.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 58:**

Produce all of your written communications with Old Republic Surety Company or any of its employees.

**RESPONSE: Please see attached for what is in my possession, custody, or control.**

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda III, Esq.
Carlos A. Miranda III, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

Attorneys for Travis Young

## VERIFICATION

**STATE OF TEXAS**                    )
                                      )
**EL PASO COUNTY**                    )

Before me, the undersigned notary, on this day personally appeared TRAVIS YOUNG, the Affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is TRAVIS YOUNG. I am capable of making this *Sworn Verification*. I have read the *Responses to First and Second Requests for Production*. The facts stated in it are within my personal knowledge and are true and correct."

_____
TRAVIS YOUNG

Sworn to and subscribed before me by TRAVIS YOUNG on December 29, 2017.

WENDY AVALOS
Notary Public, State of Texas
Comm. Expires 01-18-2021
Notary ID 129271795

_____
Notary Public in and for
the State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 29th day of December 2017, I served a true and correct copy of the *Travis Young's Sworn Responses to First and Second Requests for Production* by Hand-Delivery and Electronic Service to the following Parties:

**Plaintiff**
Pamela W. Young
c/o Corey W. Haugland, Esq.
James & Haugland, P.C.
609 Montana Avenue
El Paso, TX 79902
(915) 532-3911 (Telephone)
**chaugland@jghpc.com**

**Chapter 7 Trustee**
Ronald E. Ingalls
P.O. Box 2867
Fredericksburg, TX 78624-1927

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
Attorneys for Travis Young

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TRAVIS RYAN YOUNG, | § | Case No. 17-30163-hcm |
| | § | |
| Debtor. | § | |
| | § | |
| ─────────────────── | § | |
| | § | |
| PAMELA YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 17-03009-hcm |
| | § | |
| TRAVIS RYAN YOUNG, Individually | § | |
| and d/b/a PREMIER BUILDERS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEBTOR TRAVIS RYAN YOUNG

Came on to be considered Plaintiff's Second Motion to Compel and for Sanctions


EXHIBIT
P-8

Against Debtor Travis Ryan Young (hereinafter the "Motion"). The Court, after reviewing the Motion and the response filed, if any, as well as the evidence and arguments of counsel finds that the Motion is well taken and should be, in all things, Granted. It is therefore,

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young is GRANTED and that Travis Ryan Young is hereby denied discharge under 11 U.S.C. §727(a)(6) for refusal to obey the lawful order of this Court. It is further,

**ORDERED, ADJUDGED and DECREED** that Travis Ryan Young, pay Plaintiff the amount of $1,600.00 as reasonable and necessary attorney's fees incurred in bringing forth the Motion and for attending hearing on same **within 14 days of the date of this Order**.

Plaintiff shall have all writs and process necessary to collect this fee award.

### ###

Submitted by:
Corey W. Haugland
State Bar No. 09234200
JAMES & HAUGLAND, P.C.
609 Montana Avenue
El Paso, Texas 79902
Phone: 915-532-3911
FAX: (915) 541-6440