IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRAVIS YOUNG, | ) | Case No. 17-30163-HCM-7 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTION 541(a) and 542(a) & (e) AGAINST FORMER COUNSEL**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Travis Young ("Debtor"), through his attorneys of record MIRANDA & MALDONADO, P.C., and files this *Motion To Compel Turnover of Property of the Estate Pursuant to 11 U.S.C. Section 541(a) and 542(a) & (e)* (the "*Motion to Compel*"). In support of its *Motion to Compel Turnover,* Mr. Young would show the Court the following:

## I. Factual & Procedural Background

1. On February 3, 2017 Mr. Young filed a *Voluntary Petition for Relief* under Chapter 7 of the Bankruptcy Code (the "*Petition Date*").

2. Subsequent to the *Petition Date,* a prepetition creditor of the Debtor, Ms. Pamela Young (who is also the Debtor's Aunt, sister of Keith Young, the Debtor's father), filed the following *Complaints* commencing the following Adversary Proceedings against Mr. Young:

   a). *Young v. Young*, Case Number 17-03009-hcm; and

   b). *Young v. Young*, Case Number 17-03010-hcm.

(the "*Adversary Proceedings*").

3. Mr. Young was previously represented in his Chapter 7 case and the *Adversary Proceedings* by attorney Michael Nevarez ("Mr. Nevarez"). Pursuant to this Court's order, Mr.

Nevarez was allowed to withdraw, and Miranda & Maldonado, P.C. was permitted to substitute as Counsel for Mr. Young in all pending proceedings.

4. During Mr. Nevarez's tenure as Counsel for Mr. Young, he engaged in discovery production with Ms. Young's attorneys. As part of that exercise, Mr. Young tendered documentation to Mr. Nevarez responsive to Ms. Young's discovery requests.

5. After substitution of Counsel, Mr. Young has continued to address discovery demands by Ms. Young. Though Mr. Young has produced what he believes are all documents in his possession, control, or custody, Ms. Young remains of the opinion that the production is insufficient and that there are documents outstanding which he or his wife Brittany Young should produce. Mr. Young believes that he fully-complied with discovery requests, Ms. Young disagrees.

6. To further ensure that what Mr. Young has produced to date has been responsive to what has been requested, Mr. Young seeks an opportunity to take possession of and review his client file remaining in the possession of Mr. Nevarez at the time that he withdrew as Counsel (the "Client File").

7. Mr. Young has previously requested his Client File from Mr. Nevarez but he has refused to release it. Mr. Nevarez refuses to release the Client File because he asserts an attorney's lien against it for unpaid attorney's fees relating to the pending litigation.

## II. Relief Requested

*Turnover of Client File*

8. Mr. Young seeks the turnover of his Client File. There are at least two reasons why the Client File should be released by Mr. Nevarez -

- an exception to the retention of the file because of the assertion of an attorney's lien; and

- the documentation which comprises the Client File constitutes property of the Estate.

*Attorney's Lien Claim by Mr. Nevarez*

9. Mr. Nevarez refuses to release the Client File based on the assertion of an attorney's lien for unpaid attorney's fees. In support of this position, Mr. Nevarez has cited the following in communications to Mr. Young and his present Counsel:

> Under the Texas Disciplinary Rules of Professional Conduct, an attorney has the right to withhold a client's notes pursuant to an attorney's lien. Specifically, Texas Ethics Opinion 570 concludes that a "lawyer has the right to withhold the notes pursuant to a legal right such as a lawyer's lien".
>
> Additionally, Texas Ethics Opinion 411 holds that "[a]n attorney may ethically assert a retaining lien on a client's file if, after the attorney has first properly made demand, the client has refused to pay the attorney's fees and expenses charged in connection with the preparation of the file, provided that the client's legal rights are not prejudiced."
>
> Numerous Texas case precedents are in accord with Texas Ethics Opinions 570 and 411. *Stephenson v. Leboeuf*, 16 S.W.3d 829, 838 (Tex. App. – Houston [14th] 2000) ("Under the Texas Disciplinary Rules of Professional Conduct an attorney may acquire a lien granted by law to secure the lawyer's fee or expenses.") (quoting Tex. R. Disciplinary Prof'l Conduct 1.08(h)(1), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G. app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9), internal quotation marks omitted); *Casey v. March*, 30 Tex. 180, 184 (Tex. 1867) (Holding "an attorney at law has a lien upon the papers and documents received by him from his client, and money collected for him in the course of his profession, to secure and pay himself for the fees and disbursements made by him on account of such claims, and to compensate himself for his services in the collection of the money"."); *United States v. Betancourt*, 2005 U.S. Dist. LEXIS 40483, at *8 (S.D. Tex., Dec. 8, 2005) ("In Texas, an attorney may hold a lien for fees based on possession of the client's papers, documents, or money collected for the client. A Texas lawyer may assert a common law lien over a client's property in the possession of the attorney.") (citing *Casey v. March*, 30 Tex. 180, internal citation omitted). As such, numerous Texas case precedents make clear that our Firm may legally assert a contractual and equitable lien on your file, until the outstanding balance is paid in full.

A true and correct copy of Opinion 411 January 1984 Tex. Comm. On Professional Ethics, Op. 411, V. 47 Tex. B.J. 47 (1984) is attached as Exhibit "A".

10. For purposes of this *Motion*, the validity of Mr. Nevarez's attorney's lien on the Client File does not need to be adjudicated. It does not need to be adjudicated because the same authority that Mr. Nevarez cites justifying the retention of the Client File also provides an exception to the retention of the Client File. *Ethics Opinion 411* expressly provides an exception for retaining a client file - "***provided that the client's legal rights are not prejudiced***" – Mr. Young's rights are being prejudiced.

11. Opinion 411 further provides –

> It appears that even if an attorney may assert a common-law retaining lien and withhold possession of the client's papers, money or property, which is a legal issue that this opinion does not attempt to decide, any lawyer contemplating retaining possession of a client's property, papers or money should be cognizant of the possibility that his action may be deemed unethical if enforcement of the lien foreseeably prejudices the client's legal rights. Actual, foreseeable prejudice of a client's rights, as distinguished from mere inconvenience or annoyance, creates an ethical violation in contravention of the Disciplinary Rules. Although this ethical limitation removes much of the "clout" of a retaining lien--since the greater the client's need for his file, the greater the leverage the attorney retaining it will possess--an attorney who has once been retained to represent a client's rights may not later precipitate actual harm to those rights merely to collect a fee.

12. Mr. Young would show that his legal rights are being prejudiced. This prejudice is more than mere inconvenience or annoyance. The prejudice rises to the level of risking his Chapter 7 *Discharge* entirely. Mr. Young submitted substantial amounts of documentation to Mr. Nevarez during his tenure. By not being able to review the Client File, Mr. Young cannot definitively establish whether there remains documentation that would be responsive to Ms. Young's continuing discovery demands - or whether it was produced - until he is able to review his Client File. The inability to confirm prior production leaves him exposed to continuing claims for contempt and attorney's fees by Ms. Young.

*Client File is Property of the Chapter 7 Bankruptcy Estate*

*Applicable Law Compelling Turnover of Property of the Estate*

13. **11 U.S.C. Section 541(a) – Property of the Estate** provides in relevant part:

    **(a)** The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

    **(1)** Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

14. **11 U.S. Code § 542 - Turnover of Property to the Estate** provides in relevant part:

    **(a)** Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

    ***

    **(e)** Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

15. The documentation provided by Mr. Young to Mr. Nevarez constitutes property of his Chapter 7 Estate as contemplated by Section 542(a). As such, it is subject to turnover under Section 542(e). "Property" is defined broadly enough by the Bankruptcy Code and case law to encompass the documents and information comprising Mr. Young's Client File in Mr. Nevarez's possession. Moreover, since the information consists of, and relates to matters existing prepetition (and thus the basis of the *Discharge Litigation*), it constituted property of the Estate on the *Petition Date*.

### III. Conclusion

16.     The refusal to release the Client File prejudices Mr. Young's legal rights.  Mr. Young has made reasonable requests upon Mr. Nevarez which have been rejected. For these reasons, Mr. Young seeks this Court's aid in requesting that it compel Mr. Nevarez to release the entire Client File upon entry of an Order by this Court.

WHEREFORE, PREMISES CONSIDERED, Travis Ryan Young hereby requests that this Court enter an *Order* which provides for the following:

   a.   compelling Michael Nevarez, Esq. to immediately release and/or make available for reproduction the documents and electronic files comprising the Client File for the Chapter 7 proceeding, and two Adversary Proceedings, wherein he represented Travis Ryan Young as Debtor's Counsel and Defendant's Counsel;

   b.   For any and all other and further relief as Mr. Young may show itself justly entitled to.

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

Attorneys for Debtor Travis Ryan Young

# CERTIFICATE OF SERVICE

I certify that on the 27th day of January 2018, a copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to the Parties listed in the *Creditor Matrix* as well as to the following Parties-in-Interest:

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
Attorneys for Debtor Travis Ryan Young

**Chapter 7 Trustee**
Ronald E Ingalls
PO Box 2867
Fredericksburg, TX 78624-1927

The Nevarez Law Firm
Michael Nevarez, Esq.
7362 Remcon Cir.
El Paso, TX 79912