# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRAVIS RYAN YOUNG, | ) | Bankruptcy Case No. 17-30163-HCM |
| | ) | |
| Debtor. | ) | |

## TRAVIS RYAN YOUNG'S RESPONSE AND OBJECTION TO PLAINTIFF'S THIRD MOTION TO COMPEL AND FOR SANCTIONS

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Travis Ryan Young ("*Travis*"), through his attorneys of record Miranda & Maldonado, P.C., and files this *Response & Objection to Plaintiff's Third Motion to Compel and for Sanctions* (the "*Response*").

## I. Response & Objection to Motion

1. Travis admits the procedural assertions contained in **Paragraph 1** of *Plaintiff's Third Motion to Compel and for Sanctions* (the "*Motion*").

2. Travis admits the procedural assertions contained in **Paragraph 2** of the *Motion*.

3. Travis admits the procedural assertions contained in **Paragraph 3** of the *Motion*.

4. Travis admits the factual assertions contained in **Paragraph 4** of the *Motion*.

5. Travis admits the factual assertions contained in **Paragraph 5** of the *Motion*.

6. Travis admits the factual assertions in the first and second sentences of **Paragraph 6** of the *Motion*. With regards to the third sentence of **Paragraph 5**, elaboration is required. Travis admits that his testimony at the *2004 Exam* was that "he entered into a written marital agreement with Brittany Young approximately two years ago…and that he did not produce bank account

statements for Brittany Young…because they are her separate property". As the *Motion* raises the issue of a marital agreement, as well as a Request *for Referral to United States Attorney* at **Section III**, the issue of the marital agreement will be addressed. No marital agreement existed on the *Petition Date*, nor was a marital agreement entered into with his wife Brittany Young "*approximately two years ago*".

Travis testified at the *2004 Exam* that there was a "marital agreement" because shortly prior to the *2004 Exam*, he was presented a draft and blank "*Marital Property Agreement*" by his prior counsel, Mr. Nevarez. Travis would testify that Mr. Nevarez advised by him to testify that one existed. A true and correct copy of the "*Marital Property Agreement*" supplied by Mr. Nevarez to Travis is attached as **Exhibit "A"** to this *Response*. Travis did not complete or sign the "*Marital Property Agreement*". No signed version of the document exists.

In light of these facts, it would be convenient for Travis and Brittany to take the position that they simply could not find the document. But that would not be the truth. And it would be further convenient, if not self-serving, to simply leave it at that, *i.e.*, that Mr. Nevarez provided Travis with a blank *Marital Property Agreement* and advised him to testify that this document permitted and prevented him from providing any financial information relating to his wife, Brittany.

But corroborating this testimony by Travis is the *Online Grievance Form* filed January 22, 2018 at 9:40 PM filed by Travis against Mr. Nevarez with the State Bar of Texas (the "*Grievance*"). A true and correct copy of the *Grievance* is attached as **Exhibit "B"** and incorporated herein for all purposes. Among the reasons for the *Grievance*, is the advice from Mr. Nevarez to Travis that he testify at the *2004 Exam* that he had entered into a marital

Young/Young – Response & Objection to Plaintiff's Third Motion to Compel and Sanctions against Travis Young - Page **2** of **7**

agreement. This portion of the *Grievance* is presented as follows:

> Mr. Nevarez has failed to provide adequate legal representation from the day I met him on or about April 1, 2017. The first problem with his representation began at my 2004 examination on or about april 4th, where Mr. Nevarez showed up and thought we were taking a 2004 Examination on the Plaintiff, but this was not the case and I had to correct Him, which meant that He didn't prepare at all as He stated He did. Mr. Nevarez gave me dangerous incorrect advise at this 2004 Examination. Mr. Nevarez advised me to say that I had a separate marital agreement during this 2004 examination and gave me a sample copy of a marital agreement to show me what one looked like. I didn't really know at this time why He wanted me to say this, but I did so as He advised. I didn't need to say I had a martial agreement as my wife had no money and minimal assets at the time I filed Bankruptcy. As of now, the plaintiff is claiming perjury on the issue, although it was do to incompetent legal representation.

It was never Travis' intention to mislead about the existence of a *Marital Property Agreement*. He went down this road at the *2004 Exam* solely because the counselor whom he hired to advise him told him to do so.

7. Travis admits the factual assertions contained in **Paragraph 7** of the *Motion*.

8. Travis admits the factual assertions contained in **Paragraph 8** of the *Motion*.

9. Travis admits the factual assertions contained in **Paragraph 9** of the *Motion*.

10. Travis admits the factual assertions contained in **Paragraph 10** of the *Motion*.

11. Travis admits the factual assertions contained in **Paragraph 11** of the *Motion*.

12. In response to **Paragraph 12** of the *Motion*, Travis would represent that the discovery produced in response to the *Orders* on December 27, 2017 to Plaintiff's Counsel, as well as providing a sworn written response by December 29, 2017, was intended to encompass all of these requests. If it did not, this was an entirely unintentional oversight that will be remedied. However, Travis should not be sanctioned, or worse, have his discharge denied for this reason.

13. In response to **Paragraph 13** of the *Motion*, Travis refers to the representations contained

at **Paragraph 6**, *supra*.

14.     Travis objects to the assertions in **Paragraph 14** of the *Motion*. Travis would testify that he delivered to his prior and current attorneys, for production to Plaintiff's counsel, all documents within his possession, custody and control as required by all of the December 12, 2017 *Orders*. Travis has not failed and refused to participate in discovery in this case, at least as of December 2017. To date, he has produced over 2,000 pages of documents attempting to respond to Plaintiff's requests.

15.     No response is necessary to the narrative contained in **Paragraph 15** of the *Motion*.

16.     Travis objects to the assertions contained in **Paragraph 16** of the *Motion* that he has "willfully chosen not to comply with the Rule 2004 Notice, the Agreed Order, and the December 12, 2017 Order entered by this Court". To the contrary, since December 2017, his activities besides working and spending time with his infant daughter have revolved around trying to comply with these to the best of his knowledge. He has visited his attorney at least eleven (11) times in the past fifty (50) days, as well as generated approximately 165 emails to his attorney discussing discovery, documents, and production. The reference to the December 12, 2017 Order wherein he is accused of completely ignoring it arises from confusion as all production was intended to encompass those requests too. Nevertheless, in an effort to demonstrate his continuing attempts to comply with discovery, he is remedying this oversight. Travis has sought to comply with the Court's *Orders*. Travis operated as a small homebuilder, essentially working out of his old Ford Truck (as opposed to a new Ford Truck). Travis did not have a commercial office location, he worked from his house or his vehicle. Thus, he is not going to have any of the documentation a larger builder would have. And since Travis build with financing provided by

Young/Young – *Response & Objection to Plaintiff's Third Motion to Compel and Sanctions against Travis Young* - Page **4** of **7**

Keith Young instead of commercial banks, it was not necessary to maintain detailed paper files.

17. Travis objects to the allegations contained in **Paragraph 17** of the *Motion*.

18. No response is necessary to the narrative in **Paragraph 18** of the *Motion*. Travis has not sought to "willfully disobey" this Court's *Order*.

19. Travis objects to the assertions contained in **Paragraph 19** of the *Motion*. He is well-aware of what the purpose of sanctions are, having been previously sanctioned by this Court, and moving to avoid further sanctions and proceed to the substantive phase of the litigation.

20. Travis objects to the assertions contained in **Paragraph 20** of the *Motion*.

21. Travis objects to the assertions contained in **Paragraph 21** of the *Motion*.

22. Travis objects to the assertions contained in **Paragraph 22** of the *Motion*.

23. In response to **Paragraph 23** of the *Motion*, Travis would represent that to the extent any discovery is deficient our outstanding, Travis has moved to immediately redress this24. Travis objects to the assertions contained in **Paragraph 24** of the *Motion*.

24. Travis objects to the assertions contained in **Paragraph 25** of the *Motion*.

The *Motion* further seeks as follows at **Section III** –

### REQUEST FOR REFERRAL TO THE UNITED STATES ATTORNEY

25. For the reasons set forth in this *Response*, Travis objects to the request for referral to the United States Attorney as set forth in **Paragraphs 25, 26, 27** and **28** of the *Motion*. At no time has Travis operated with the requisite intent to make a false oath or provide false testimony to this Court, mislead the Chapter 7 Trustee, hide or transfer assets, or otherwise fail to comply with his duties as a Chapter 7 Debtor.

**Conclusion**

26.     Travis Young seeks to comply with his duties as a Debtor under Chapter 7 of the Bankruptcy Code. He also seeks to comply with the *Orders* of this Court relating to discovery production, attend his deposition (which has not been set by Plaintiff as she was awaiting discovery production). And Travis would like to get to the merits of these *Adversary Proceedings*.

WHEREFORE, PREMISES CONSIDERED, Travis Ryan Young, Debtor herein, requests that this Court deny all relief requested in the *Motion*, including any further deadlines for production of discovery, sanctions, findings of contempt, any attorney's fees, and criminal referral.

Respectfully submitted

**MIRANDA & MALDONADO, P.C.**
/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February 2018, a copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to the Parties listed in *Creditor Matrix* as well as to the following Parties-in-Interest:

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Attorney for Travis Ryan Young

**Chapter 7 Trustee**
Ronald E. Ingalls
PO Box 2867
Fredericksburg, TX 78624-1927

# VERIFICATION

STATE OF TEXAS                )
                              )
EL PASO COUNTY                )

Before me, the undersigned notary, on this day personally appeared TRAVIS RYAN YOUNG, the Affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is TRAVIS RYAN YOUNG. I am capable of making this *Sworn Verification*. I have read the *Response and Objection to Plaintiff's Third Motion to Compel and for Sanctions*. The facts stated in it are within my personal knowledge and are true and correct."

TRAVIS RYAN YOUNG

Sworn to and subscribed before me by TRAVIS RYAN YOUNG on February 6, 2018.

WENDY AVALOS
Notary Public, State of Texas
Comm. Expires 01-18-2021
Notary ID 129271795

Notary Public in and for
the State of Texas

**EXHIBIT A**

# MARITAL PROPERTY AGREEMENT

This Marital Property Agreement (this "Agreement") is made this _____ day of _____, 200__, pursuant to Article XVI, §15, Texas Constitution, by and between _____ (Husband) and _____ (Wife) to provide for definition of their respective marital property rights. The parties hereto agree as follows:

1. **Matrimonial Domicile.** The parties, residing in the State of Texas, planning to be married, and having substantial and continuing ties with the State of Texas, do specifically recognize and agree that the State of Texas is and shall be their matrimonial domicile and intend that the laws of the State of Texas shall govern all matters concerning their marital property. The provisions of this Agreement shall prevail over any contrary provision of law which may be supplanted or modified by private agreement.

2. **Separate Property.** The parties acknowledge that the property owned by each of them prior to the marriage and all property acquired thereafter by gift, devise or descent, or by investment or reinvestment of separate property, is the separate property of each of them respectively. The separate property of a spouse shall never be liable for any debt of the other spouse unless such debt is explicitly assumed in writing by the spouse owning such separate property. Neither spouse shall have any authority to contract with respect to the separate property of the other spouse.

*TRS Retirement*
*Business Income*

3. **Income As Separate Property.**

   A. **Income from Capital.** All mutations, increases, issues, rents, dividends, interest and other earnings upon the separate property of a party (including any increase in the value of a party's separate property on account of the time, talent, and labor of such party) shall be the separate property of the party owning such property.

   B. **Compensation for Personal Services.** All compensation for personal services (including pension, profit-sharing, or deferred compensation in any form) shall be (__) community property of the parties or (__) separate property of the party performing such services. [CHOOSE AN OPTION]

   C. **Partition and Exchange.** Should any property intended by paragraphs 3A and/or 3B to be separate property ever be characterised as community property, the parties agree to partition and exchange such community property to effectuate the intent of this paragraph 3.

4. **Presumptions.** Property held, registered, or titled in the name of one of the spouses only shall be presumed to be the separate property of the spouse in whose name such property is held, registered, or titled. Property held, registered, or titled in the names of both parties shall be presumed to be jointly owned separate property unless some written indicia of ownership shows that such property is held in another manner.

5. Marital Expenses. The parties agree to make reasonable provision for their mutual expenses during marriage.

6. Allocation of Income Tax Expense. In the event the parties should file joint returns with respect to income tax liabilities, each party shall contribute to the payment of such taxes that proportion of the tax payable by reason of such joint return which the tax which would be payable by each of them if separate returns were filed bears to the total tax which would be payable by both of them if separate returns were filed; provided, however, this paragraph is for the sole benefit of the parties hereto, who may waive the provisions of this paragraph as they see fit. Any payment of any tax by the parties shall be conclusive as to the proper allocation of such tax liability unless the parties have agreed otherwise.

7. Dissolution of Marital Community. In the event of any dissolution of the marriage of the parties, property shall be distributed as follows:

A. Each spouse shall retain the ownership of his or her separate property.

B. Liabilities associated with separate property (for example, for improvement or acquisition), if joint liability exists for any reason, shall be assumed by the spouse with whose separate property such debts are associated unless the parties have agreed otherwise. Any joint liabilities not associated with separate property shall be paid equally by the spouses.

C. Jointly owned property shall be partitioned equally between the parties unless the parties have agreed otherwise.

D. In the event that the separate property of either party is spent for the improvement, repair or expansion of real estate owned by the other party as such other party's separate property, such expenditures shall constitute a monetary charge against the separate estate of the party owning the real estate improved arising upon dissolution of the marriage by death or divorce. Such charge shall draw interest after dissolution of the marriage at the legal rate until paid and shall be amortized monthly over a period not exceeding five years.

8. Severability. Should any provision of this Agreement be unenforceable, all other provisions of this Agreement shall nevertheless remain in full effect. Each party acknowledges that this Agreement constitutes the sole agreement of the parties with respect to their marital property and that there are no prior or contemporaneous understandings or agreements, oral or written, with respect to the subject matter of this Agreement.

9. Amendment. Any agreement between the parties in furtherance or derogation of this Agreement must be in writing and signed by the parties.

10. **Attorneys' Fees and Costs.** Attorneys' fees and costs incurred by either party in any contest of or attack upon this agreement or in divorce proceedings shall be paid solely by the party incurring the same.

11. **Effective Date.** This Agreement shall be effective upon and operative from the date of the marriage of the parties.

12. **Enforceability.**

THE PARTIES HERETO SPECIFICALLY AGREE THAT THE PROVISIONS OF THIS AGREEMENT ARE JUST AND RIGHT, HAVING DUE REGARD FOR THE RIGHTS OF EACH PARTY, AND INTENT HEREBY TO ESTOP THEMSELVES FROM ANY CONTENTION TO THE CONTRARY IN ANY COURT OR JURISDICTION.

EACH PARTY VOLUNTARILY AND EXPRESSLY WAIVES ANY RIGHT TO DISCLOSURE OF PROPERTY OR FINANCIAL OBLIGATIONS OF THE OTHER PARTY TO THIS AGREEMENT.

EACH PARTY EXPRESSLY ACKNOWLEDGES THAT SUCH PARTY UNDERSTANDS THAT THIS AGREEMENT MODIFIES OR ELIMINATES MARITAL PROPERTY RIGHTS WHICH WOULD OTHERWISE EXIST UNDER TEXAS LAW IN THE ABSENCE OF THIS AGREEMENT.

EACH PARTY EXPRESSLY ACKNOWLEDGES THAT SUCH PARTY HAS BEEN ADVISED OF HIS OR HER RIGHT TO OBTAIN THE SERVICES OF INDEPENDENT LEGAL COUNSEL WITH RESPECT TO THIS AGREEMENT.

13. **Execution of the Agreement.**

I have read this document; I understand it, and I agree to all the terms of this contract.

_____
Husband

I have read this document; I understand it, and I agree to all the terms of this contract.

_____
Wife

## ACKNOWLEDGEMENTS

THE STATE OF TEXAS §
§
COUNTY OF _____ §

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared _____, known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___ day of _____, 200__.

My Commission Expires:

_____

_____
Notary Public, State of Texas

_____
(Typed/Printed Name of Notary)

THE STATE OF TEXAS §
§
COUNTY OF _____ §

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared _____, known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___ day of _____, 200__.

My Commission Expires:

_____

_____
Notary Public, State of Texas

_____
(Typed/Printed Name of Notary)

**EXHIBIT B**

# Online Grievance Form
Jan 22, 2018 9:40 PM

## I. General Information
Have you contacted the Client-Attorney Assistance Program?*
No

## II. Information About You
**Salutation**
Mr.

**First Name**
Travis

**Last Name**
Young

**Address**
6647 Mariposa
El Paso, TX 79912

**Home Phone**
915-479-0828

**Cell Phone**
915-479-0828

**Email Address**
trayoung1118@gmail.com

**Driver's License Number (if applicable)**
17632530

**Date of Birth**
Nov 18, 1982

**Employer's Name**
Premier Builders & Design LLC

**Address**
7101 N Mesa #527
El Paso, TX 79912

**Employer's Phone**
915-603-2303

**Name**
Brittany Young

**Address**
6647 Mariposa
El Paso, TX 79912

**Phone**
915-603-2303

## II. Information About You - Additional
Do you understand and write in the English language?
Yes

Are you a Judge?
No

## III. Information About Attorney

Attorney Barcard Number
14933400

Attorney First Name
Michael

Attorney Last Name
Nevarez

Attorney Address (Please include street, city and zip)
P.O. BOX 12247 El Paso, TX 79913

Attorney Work Phone
915-584-8000

## III. Information About Attorney - Grievance Details

Have you or a member of your family filed a grievance about this attorney previously?
No

Have you or a member of your family ever filed an appeal with the Board of Disciplinary Appeals about this attorney?
No

Please select from the following:
This attorney was hired to represent me.

Please give the date the attorney was hired or appointed.
5/10/17

Please state what the attorney was hired or appointed to do.
Defend against Bankruptcy Adversary Proceeding

What was the fee arrangement with the attorney?
Per hour

How much did you pay the attorney?
$250 per hour

## III. Information About Attorney - Continued

Are you currently represented by an attorney?
Yes

If yes, please provide the attorney's name and phone number:
Carlos Miranda - 9155875000

Do you claim the attorney has an impairment, such as depression or a substance use disorder?
Yes

Didn't pay attention to details and drank alcohol prior to my mediation at a lunch with me.

Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder?
No

## IV. Information About Your Grievance

In which city did the activity you are complaining about occur?
El Paso

In which county did the activity you are complaining about occur?
El Paso

Name of Court
Federal Bankruptcy Court

Title of the Suit
Bankruptcy Adversary Complaint

Case number and date suit was filed
17-31063 - 5-5-17

## IV. Information About Your Grievance - Continued

Mr.Nevarez has failed to provide adequate legal representation from the day I met him on or about April 1st, 2017. The first problem with his representation began at my 2004 examination on or about april 4th, where Mr.Nevarez showed up and thought we were taking a 2004 Examination on the Plaintiff, but this was not the case and I had to correct Him, which meant He didn't prepare at all as He stated He did. Mr.Nevarez gave me dangerous incorrect advise at this 2004 Examination. Mr.Nevarez advised me to say that I had a separate marital agreement during this 2004 examination and gave me a sample copy of a marital agreement to show me what one looked like. I didnt really know at the time why He wanted me to say this, but i did so as He advised. I didnt need to say I had a marital agreement as my wife had no money and minimal assets at the time I filed Bankruptcy. As of now, the plaintiff is claiming perjury on this issue, although it was do to incompetent legal representation. Mr.Nevarez failed to try to get my case dismissed early on as requested several times by me and do things in the case to minimize costs. He wanted to take a 2004 Examination on the plaintiff, after they filed their adversary proceeding against me, which He knew would get quashed and would be a waste of time, but all He wanted was to make more money from me at his hourly fee rate. Most important, on or about October 2017 Mr.Nevarez failed to follow through on subpoenas filed by the plaintiff against my wife (Brittany Young) and more importantly my father (Keith Young). Mr.Nevarez specifically stated He would help fight these with motions to quash the subpoenas and that He would follow through with the discovery requested by the plaintiff. He never followed through, and caused several issues in my case, including but not limited to monetary sanctions being filed against Brittany Young and myself. Mr.Nevarez failed to complete the requested discovery by the plaintiffs filings or respond accordingly to the opposing attorney on motions to compel for this discovery and subpoenas. The judge threw the book at me during Mr.Nevarez's "representation" or lack their of I should say, and sanctioned Brittany Young and myself a total of $4100, which I will deduct from Mr.Nevarez's incompetent legal representation. He has put my father (Keith Young) in a bad position to object to his subpoena that was served on him, as He failed to represent my father, as He stated He would. Now my father is stuck having to give personal and private information to the plaintiff, which serves no purpose to the case at hand. It would have been a simple motion to quash to stop this. Mr.Nevarez went 2 months, while He was my attorney of record, with no communication to me as far as case strategy or any way to move forward in my case. In fact, the judge denied Mr.Nevarez's withdraw as my attorney, as He threatened to hold my file with a lien until all his fees were paid. Mr.Nevarez has incometent accounting practices, and has sent me very inaccurate invoices and for hours that were never performed. To date, he still has a highly inaccurate monetary value He claims is owed, and refuses to fix the billing. To date, Mr.Nevarez has failed to return my file to my new attorney after being requested several times, and this has caused more issues in my Bankruptcy case. He states until He is paid, He will hold the file. Mr.Nevarez is an attorney who does not pay attention to details or care about his clients

IV. Information About Your Grievance - Supporting Documents

V. HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS ATTORNEY GRIEVANCE PROCESS?
How did you learn about the State Bar of Texas attorney grievance process?
Attorney